Williams, Judge,
delivered the opinion:
The plaintiff in this case was, on August 28, 1925, appointed by the Commissioner of Internal Revenue a prohibition agent, Internal Eevenue Service, for assignment to duty in prohibition district No. 6, with authority to travel outside of said district No. 6 anywhere within the limits of the United States as his official duties might require. Washington, D. C., was designated as his post of duty.
*440 The plaintiff’s salary was fixed at $1,860.00 per annum, with an allowance for necessary traveling expenses, subject to the limitations prescribed by law and the regulations of the Bureau of Internal Revenue, when absent on official business from his designated post of duty.
Plaintiff’s appointment was made on the request of the Assistant Secretary of the Treasury in charge of prohibition enforcement, who at that time had under his immediate supervision and control an investigating force, all of whom were working under a chief prohibition investigator under the orders of the Assistant Secretary of the Treasury. This investigating force were field employees engaged in field work, as distinguished from departmental employees engaged in departmental work.
The employees of district No. 6, which district included Washington, D. C., were field employees, as distinguished from departmental employees.
The plaintiff immediately, upon his appointment as a prohibition agent, by direction of his superior officer, proceeded to Brooklyn, New York, where on September 4,1925, he took the oath of office and thereupon reported to the chief prohibition investigator, and assumed the duties of a prohibition agent.
On August 3, 1926, the plaintiff was promoted to the position of prohibition investigator at a salary of $2,400.00 per annum, and on August 21, 1926, was transferred by the Commissioner of Internal Revenue from his designated post of duty, Washington, D. C., prohibition district No. 6, to a designated post of duty under the chief prohibition investigator, whose headquarters were also Washington, D. C. The plaintiff remained on duty as prohibition investigator from the date of his transfer to that position until March 31, 1927, when he retired from the service.
The plaintiff did not perform any duties in Washington, D. C., during the time he was in the service of the Bureau of Internal Revenue as prohibition agent assigned to district No. 6.
The plaintiff’s salary was paid to him by the disbursing officer for prohibition district No. 6. He was a]so paid the sum of $942.33 for subsistence allowance during the period *441 of his service as prohibition agent, assigned to prohibition, district No. 6, post of duty Washington, D. C.
In September, 1926, the General Accounting Office disallowed in the account of the disbursing officer for prohibition district No. 6, the total sum of $942.33, theretofore-paid to the plaintiff for subsistence expenses, and that sum was thereafter withheld from the salary of the plaintiff.
The plaintiff brings this suit to recover the said sum of $942.33, together with $22.90 alleged to be due as salary.
The authority of the Commissioner of Internal Eevenue to-determine and designate the post of duty of the plaintiff is found in the act of April 1, 1900, c. 192, section 1, 31 Stat. 107, as amended by the act of May 10, 1916, c. 117, section 1, 39 Stat. 87:
“ Hereafter the Commissioner of Internal Revenue shall determine and designate the posts of duty of all employees of the Internal Revenue Service engaged in field work. * * * ”
It is not denied that the plaintiff was an employee of the-Internal Revenue Service engaged in field work, or that the Commissioner of Internal Revenue determined and designated his post of duty at Washington, D. C., at the time he-entered such service, or that his designated post of duty continued to be Washington, D. C., during the entire period of his service as a prohibition agent, to wit, from September 4, 1925, to August 3, 1926.
It is contended, however, by the defendant that the plaintiff is not entitled to recover because “the act of May 10, 1916, does not confer the right to fix as the employee’s headquarters a place where no duties are required to be performed, merely for the purpose of entitling the employee to subsistence at Government expense while on duty at his-actual duty station.”
This argument assumes that the Commissioner of Internal Revenue fixed the plaintiff’s post of duty at Washington,. D. C., merely for the purpose of entitling the plaintiff to subsistence at Government expense. There is nothing in the record to support this assumption. The fact that the plaintiff performed no services at his designated post of duty *442 during the period here involved, and that the work assigned to him kept him during the whole of that period at another place, does not justify the assumption or the inference that his designated post of duty was fixed by the commissioner for the mere purpose of entitling him to subsistence at Government expense. The plaintiff was a field worker, as distinguished from a departmental employee, and would by the very nature of his employment be absent from his designated post of duty a greater part or all of the time. This was undoubtedly taken into consideration by the commissioner when he designated the plaintiff’s post of duty. Had the plaintiff during the period here involved been changed from one place to another, performing in the meantime no services at his designated post of duty, it would hardly be contended he would not be entitled to receive subsistence compensation. We fail to see what difference it can make, so far as his right to subsistence allowance is concerned, whether the whole time he was away from his designated post of duty was spent at one place or at a dozen different places.
It is shown that at the time plaintiff was sent to New' York it was supposed his work there would require only a short time. He was assigned to a very important case which upon investigation developed wide ramifications requiring extended investigation and consideration. It was not known at any point of the investigation when the case to which the plaintiff was assigned, would or could be completed. The fact that this case required more time than was anticipated when the plaintiff was assigned to it, and that his work in connection with it kept him in New York some months, did not require the Commissioner of Internal Revenue, when that fact became evident, to change the plaintiff’s designated post of duty to that place. The statute places no limitation on how long a field worker in the Internal Eevenue Service, when ordered from his designated post of duty, may remain in any one place and receive subsistence compensation. The law certainly does not contemplate that the commissioner shall change the designated post of duty of a field employee eveiy time he is transferred from one *443 place to another. If that were the law, a field worker would never receive any subsistence compensation, as he would always be working at his designated post of duty.
Congress has conferred on the Commissioner of Internal Revenue the authority to determine and designate the post of duty of employees of that bureau engaged, in field work. No restriction or limitation of any kind is placed on the commissioner in the exercise of this authority. The exercise of the power vested in the commissioner requires the use of judgment and discretion on his part. He has, in this case, exercised the discretionary power given him by the statute. The court is without authority to review or inquire into the manner in which he has exercised such discretionary power, the abuse of such discretion not being shown. Ekiu v. United States, 142 U. S. 651.
In Johnston v. United States, 37 C. Cls. 309, 326, this court said:
“ Where the law has authorized the exercise of discretion or judgment the courts can not guide and control the judgment and discretion of the administrative departments of the Government in matters committed to their care. Decatur v. Paulding, 14 Pet. 497; U. S. ex rel. Dunlap v. Black, 128 U. S. 40; United States v. Schurz, 102 U. S. 378; Boynton v. Blaine, 139 U. S. 306; Redfield v. Windom, 137 U. S. 636; Keim v. United States, 177 U. S. 290.”
The Commissioner of Internal Revenue, upon the appointment of plaintiff as a prohibition agent, assigned him to prohibition district No. 6 for field work, and designated Washington, D. C., as his post of duty, which place remained his designated post of duty during the period for which subsistence compensation is claimed herein. During this entire period the plaintiff was away from his designated post of duty engaged in the performance of duties assigned to him. He is entitled to be paid the subsistence compensation provided by law for employees of the Internal Revenue Service engaged in field work when ordered from their designated post of duty.
The plaintiff is entitled to recover the sum of $942.33 subsistence compensation and $22.90, the amount of unpaid .salary due him.
*444 Judgment is therefore awarded the plaintiff for the sum. of $965.23. It is so ordered.
Whaley, Judge; LittletoN, Judge; GtüeeN, Judge; and! Booth, Chief Justice, concur.