LittletoN, Judge,
delivered the opinion of the court:
We think it is clear from the facts in this case and on the authority of the opinion of this court in Simonstad v. United States, 71 C. Cls. 436, that plaintiff is entitled to recover the amount of $611.50, the authorized per diem allowance in lieu of subsistence while he was absent from his official post of duty on official business of the United States.
Louisville, Kentucky, was the headquarters and principal district office of the U. S. Veterans’ Bureau, duly established by proper authority. Plaintiff was duly appointed and assigned to that office as a field examiner and that station was officially, and by proper authority, designated as his official post of duty. When he was appointed and during the period involved in this case his home was at Lexington, Ky., *149 where he was ordered from time to time to perform official duties in the position which he held with the Bureau. He was directed to perform, and did perform, similar duties at other places. Only the statutory per diem allowance in lieu of subsistence while engaged on official business in Lexington, while away from his post of duty at Louisville, is in controversy here.
The Comptroller General held that the headquarters or official post of duty of plaintiff was at Lexington because that was his home and that, therefore, he was not entitled to any per diem allowance or subsistence while engaged on official business at that point, but under the facts in this case that conclusion of the Comptroller General cannot stand. Plaintiff’s official station was fixed at Louisville by the proper official of the Veterans’ Bureau because that was the headquarters and principal office of the Veterans’ Bureau in that territory. The decision of the Comptroller General assumes that the authorized official of the Veterans’ Bureau fixed plaintiff’s post of duty at Louisville merely for the purpose of entitling him to subsistence at Government expense when absent from that post on official business at Lexington, Ky. There is nothing in the record to support this assumption. Moreover, if, as the Comptroller General ruled, plaintiff’s headquarters or official post of duty was at Lexington, Ky., the plaintiff would be entitled under the pertinent statute to receive $692.85 while absent from such post of duty on official business. But we are clear upon the facts in this case that the decision of the Comptroller General was wrong and that plaintiff should be paid the amount of $345.85 claimed. In Simonstad v. United States, supra, the defendant contended that the plaintiff in that case was not entitled to recover for the reason that the act of May 10, 1916, which authorized the payment of subsistence while an employee was absent from his post of duty on official business, did not confer the right on officials of the Government to fix an employee’s headquarters, where no duties were required to be performed, merely for the purpose of entitling the employee to subsistence at Government expense while on duty at his actual station. But the court said, “This argument assumes that the Commissioner of Internal Bevenue *150 fixed the plaintiff’s post of duty at Washington, D. C., merely for the purpose of entitling the plaintiff to subsistence at Government expense. There is nothing in the record to support this assumption. The fact that the plaintiff performed no services at his designated post of duty during the period here involved, and that the work assigned to him kept him during the whole of that period at another place, does not justify the assumption or the inference that ■his designated post of duty was fixed by the Commissioner for the mere purpose of entitling him to subsistence at Government expense. The plaintiff was a field worker, as distinguished from a departmental employee, and would by the very nature of his employment be absent from his designated post of duty a greater part or all of the time. This was undoubtedly taken into consideration by the Commissioner when he designated plaintiff’s post of duty. Had the plaintiff during the period here involved been changed from one place to another, performing in the meantime no services at his designated post of duty, it would hardly be contended he would not be entitled to receive subsistence compensation. We fail to see what difference it can make, so far as his right to subsistence allowance is concerned, whether the whole time he was away from his designated post of duty was spent at one place or at a dozen different places.”
■ Judgment will be entered in favor of plaintiff for $345.85. It is so ordered.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.