## UNITED STATES *ex rel.* DUNLAP *v.* BLACK, COMMISSIONER OF PENSIONS.

## UNITED STATES *ex rel.* ROSE *v.* SAME.

## UNITED STATES *ex rel.* MILLER *v.* SAME.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Nos. 991, 992, 993. Argued October 12, 1888. — Decided October 22, 1888.

The courts will not interfere by mandamus with the executive officers of the government in the exercise of their ordinary official duties, even where those duties require an interpretation of the law; no appellate power being given them for that purpose.

When an executive officer of the government refuses to act at all in a case in which the law requires him to act, or when, by special statute, or otherwise, a mere ministerial duty is imposed upon him, that is, a service which he is bound to perform without further question, if he refuses mandamus lies to compel him to his duty.

The Commissioner of Pensions by receiving the application of a pensioner for an increase of his pension under the act of June 16, 1880, 21 Stat. 281, c. 236, and by considering it and the evidence in support of it, and by deciding adversely to the petitioner, performs the executive act which the law requires him to perform in such case; and the courts have no appellate power over him in this respect, and no right to review his decision.

A decision of the Commissioner of Pensions adverse to the application of a pensioner for an increase of pension, under a statute granting an increase in certain cases, being overruled by the Secretary of the Interior on the ground that the applicant comes under the meaning of the law granting the increase, and the Commissioner refusing to carry out the decision of

his superior, the pensioner is entitled to a rule upon the Commissioner to show cause why a writ of mandamus should not issue to compel him to obey the decision of the Secretary of the Interior.

THESE cases came here on writs of error to the Supreme Court of the District of Columbia to review several judgments of that court refusing orders upon the Commissioner of Pensions to show cause why in each case a writ of mandamus should not issue, requiring him to increase the pension of the petitioner. The cases were argued together, and in each the facts which makes the case here are stated in the opinion of the court.

*Mr. J. G. Bigelow* and *Mr. S. S. Henkle* for plaintiffs in error.

*Mr. Assistant Attorney General Maury* as *Amicus Curiæ.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

These cases were argued together, but it will be convenient to consider them separately, in the order in which they stand on the docket.