# UNITED STATES, ex rel. PHILLIPS,

## *v.*

## HITCHCOCK.

MANDAMUS; PENSIONS; ATTORNEYS' FEES.

The determination by the Commissioner of Pensions, in the first instance, and by the Secretary of the Interior on appeal from his decision, of the question of whether a pension attorney is entitled to contract for a fee of $25 with a claimant for a dependent father's pension, or whether he is entitled to a fee of only $10, where it involves the construction and application of several acts of Congress, requires the exercise of discretion, which cannot be controlled by *mandamus; following* Seymour v. United States, 2 App. D. C. 240; Lochren v. Long, 6 *id.* 486.

No. 1114. Submitted December 3, 1901. Decided January 7, 1902.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia dismissing a petition for a writ of *mandamus.*                           *Affirmed.*

The COURT in the opinion stated the case as follows:

This is an appeal from a judgment dismissing a petition for *mandamus.*

The history of the case is set forth in the brief for the appellant, as follows:

On May 8, 1901, Henry D. Phillips, the appellant, filed in the Supreme Court of the District of Columbia his petition for a writ of *mandamus* against H. Clay Evans, Commissioner of Pensions, and Ethan A. Hitchcock, Secretary of the Interior, to compel the Pension Commissioner to certify and order paid the fee of $25 provided for in the appellant's articles of agreement with John Gale, for whom he obtained a pension, and to compel the Secretary of the Interior to grant the prayer of the appellant's petition of appeal from the ruling of the Pension Commissioner, denying Mr. Phillips' application for the payment of the said fee. The petition alleges that on September 10, 1898, as attorney for John Gale, father of Ralph Gale, Troop B, Sixth U. S. Cavalry, the petitioner filed a declaration for a dependent father's pension in the office of the Commissioner of Pensions; that Ralph Gale, who was a soldier of the United States in Spanish-American War, departed this life on or about August 16, 1898, from disabilities incurred in service in said war; that the declaration for pension of John Gale was made and filed under section 4707, R. S. U. S., the only act granting pensions to dependent relatives; that by the provisions of section 4 of the act of July 4, 1884, it is provided that the attorney of record in the prosecution of the case (pension) may cause to be filed with the Commissioner of Pensions duplicate articles of agreement, setting forth the fee agreed upon by the parties, which fee, by section 3 of said act, shall not exceed $25, and the fee in any case is to be paid the attorney upon the allowance of the Commissioner of Pensions, and which he shall direct to be paid the attorney; that on the day of filing said declaration for pension, September 10, 1898, petitioner filed duplicate articles of agreement for a fee of $25, in case of John Gale, in bureau of pensions, in accordance with sections 3 and 4 of the act of Congress aforesaid, which articles of agreement were in the form provided by said act, and were duly executed in accordance with its provisions; that on October 20,

1900, a certificate of pension, No. 501,518, was issued to John Gale by the Commissioner of Pensions, and which purports to have been issued under the provisions of section 1 of the act of June 27, 1890; that by section 4 of that act it is provided that the sum of $10 shall be payable, upon the order of the Commissioner of Pensions, to the attorney engaged in preparing, presenting, or prosecuting any claim under the provisions of said act (June 27, 1890); that after the grant of said pension to John Gale, and assuming erroneously and illegally to act under section 4 of the act of June 27, 1890, the Commissioner of Pensions certified and ordered paid a fee of $10 to the petitioner for his services as attorney in said claim; that on March 14, 1901, petitioner filed in the office of the Secretary of the Interior an appeal from said certification of said fee of $10, setting forth that he was entitled to an allowance of a fee of $25 as aforesaid, and contending further, that said pension to John Gale should have been allowed under section 4707, R. S. U. S., instead of under section 1 of act of June 27, 1890; that on April 27, 1901, the Secretary of the Interior decided said appeal adversely to the petitioner.

Upon the return of the rule to show cause granted on the foregoing petition, the respondents filed an answer, setting up that they admitted that the petitioner appeared as attorney of record, and was entitled to prosecute the Gale pension claim, which he filed for John Gale, father of Ralph Gale; that Ralph Gale, who was a soldier of the United States in the Spanish-American War, died on or about August 16, 1898, from disabilities incurred in the service in said war, but denied that John Gale, upon the evidence filed by the petitioner in the Pension Office to secure dependent father's pension, was entitled to a pension under section 4707 of the R. S. U. S., and averred that under the evidence supplied to the Pension Office by petitioner in his prosecution of said claim John Gale was entitled to a pension only under section 4707 as amended by act of Congress of June 27, 1890; that on the day of filing the declaration petitioner filed duplicate articles of agreement for a fee of $25, but denied that under

the evidence petitioner brought the facts of the case within the terms of section 4707, under which he would have been entitled to a fee of $25; that on October 20, 1900, a certificate of pension was issued to John Gale under section 4707 as amended by act of June 27, 1890, and that under section 4 of said act of June 27, 1890, petitioner was entitled to a fee of $10 for his services in preparing, presenting, and prosecuting said claim, which fee was certified and ordered paid him; that petitioner appealed from the certification and order of the Pension Commissioner of the fee of $10, and that the Secretary of the Interior decided said appeal adversely to petitioner.

The petitioner, Mr. Phillips, filed a replication to the answer, setting forth that he was entitled to the *mandamus* prayed for, because said John Gale, upon the evidence filed by petitioner to secure dependent father's pension, was entitled to a pension under section 4707, R. S. U. S., and not under that section as amended by any act of Congress, and because, under the evidence, the petitioner brought the facts of the case within the terms of said section 4707.

The cause was heard in the Supreme Court of the District of Columbia, before Mr. Justice Clabaugh, on Friday, June 14, 1901, upon petition, answer, replication and proofs, who, upon conclusion of the argument, without filing any written opinion, ordered and adjudged that the rule to show cause be discharged, and the prayers of the petition denied, and the petition dismissed, at the cost of the petitioner.

The relator, *Mr. Phillips,* appeared in his own behalf, and with him was *Mr. E. R. Walker.*

*Mr. Ashley M. Gould,* United States Attorney for the District of Columbia, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

Of the statutes referred to in the foregoing statement, section 4707 admits to the pension roll the dependent relatives

of certain persons, coming within certain other sections, who may have died since March 4, 1861, or who may thereafter die by reason of wound, injury, etc., under the conditions and limitations of those sections, leaving no widow or child.

Section 1 of the act of June 27, 1890, reads as follows:

" That in considering the pension claims of dependent parents, the fact of the soldier's death by reason of any wound, injury, casualty or disease, which, under the conditions and limitation of existing laws, would have entitled him to a pension, and the fact that the soldier left no widow or minor children, having been shown as required by law, it shall be necessary only to show by competent and sufficient evidence that such parent or parents are without other present means of support than their own manual labor, or contributions of others not legally bound for their support; provided, that all pensions allowed to dependent parents under this act shall commence from the date of the filing of the application hereunder, and shall continue no longer than the existence of the dependence."

Sections 2 and 3 make provision for certain persons who may have served ninety days or more and been discharged, and their dependent widows and children.

Section 4, which the Commissioner held to regulate the fees of attorneys in this case, provides:

" That no agent, attorney or other person engaged in preparing, presenting or prosecuting any claim under the provisions of this act shall, directly or indirectly, contract for, demand, receive or retain for such services in preparing, presenting or prosecuting such claim, a sum greater than ten dollars, which sum shall be payable only upon the order of the Commissioner of Pensions by the pension agent making payment of the pension allowed."

Upon the case stated, we are of the opinion that there was no error in denying the relator's petition.

The determination of the question by the Commissioner of Pensions, in the first instance, and by the Secretary of the Interior, on appeal from his decision, whether the relator was entitled to contract for a fee with the pensioner, under

16

the provisions of the amendatory act of July 4, 1884, without power of reduction or rejection on the part of the Commissioner, or was governed in the matter of fee allowance by the provisions of section 4 of the act of June 27, 1890, clearly involved the exercise of discretion.

In such case it is well settled that the decision of an executive officer will not be controlled by *mandamus. United States* v. *Black,* 128 U. S. 40, 48; *Seymour* v. *United States,* 2 App. D. C. 240 and cases cited; *Lochren* v. *Long,* 6 App. D. C. 486.

In order to determine the claim of the relator to the payment of the fee demanded, the Commissioner of Pensions was called upon to examine the act of July 4, 1884, and compare its provisions with others, particularly with those of the act of June 27, 1890, the first section of which amends or supplements section 4707, R. S., which is the first section of the first-mentioned act. It became necessary for him to interpret the meaning and application of the different laws in relation to the facts of the case. He was required not only to determine whether the application of the dependent father was to be granted under section 4707 alone, but also whether, though falling in the main under said section, it was not governed, in respect of proof and time of commencement, and also in the matter of fee allowance, by the provisions of the later act.

The conditions under which the Commissioner and Secretary were required to act are substantially the same as those considered in the case of *United States* v. *Black,* 128 U. S. 40, 48, before cited. There it was said:

" The Commissioner of Pensions did not refuse to act or decide. He did decide. He adopted an interpretation of the law adverse to the relator, and his decision was confirmed by the Secretary of the Interior.

Whether, if the law were properly before us for consideration, we should be of the same opinion, or of a different opinion, is of no consequence in the decision of this case. We have no appellate power over the Commissioner, and no right to review his decision. That decision and his action taken

thereon were made and done in the exercise of his official functions. They were by no means merely ministerial."

The doctrine of that case is not in the slightest degree impaired by the latest decision of the Supreme Court involving this vexed question of the power of the courts to compel action by executive officers through the writ of *mandamus. Roberts v. United States,* 176 U. S. 221, 230.

In that case there was a single statute directing action by the Treasurer of the United States in a specific case. Its directions were plain and unmistakable. Under such conditions, it was held that the officer could not defend upon the ground that he was called upon to exercise discretion in the construction of the law.

On the other hand, the doctrine of the former case was approved because, " the decision which was demanded from the Commissioner of Pensions required of him, in the performance of his regular duties as Commissioner, the examination of several acts of Congress, their construction, and the effect which the latter acts had upon the former, all of which required the exercise of judgment to such an extent as to take his decision out of the category of a mere ministerial act."

Without further discussion, the judgment will be affirmed with costs.                                      *Affirmed.*