# UNITED STATES EX REL. McKENZIE *v.* FISHER.

---

MANDAMUS; SECRETARY OF THE INTERIOR; PUBLIC LANDS.

The decision of the Secretary of the Interior, in the exercise of judgment and discretion, within the authority conferred by law, respecting the validity of an application to enter the public lands of the United States, will not be controlled by mandamus.

No. 2386. Submitted April 22, 1912. Decided May 6, 1912.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia discharging a rule to show cause why a writ of mandamus should not issue, and dismissing a petition therefor.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This was a petition to the supreme court of the District of Columbia for a writ of mandamus to compel the respondent, as Secretary of the Interior, to allow the application of petitioner to enter certain public lands of the United States, and in due course to issue a patent therefor. Respondent answered, to which answer petitioner demurred. The court overruled the demurrer and entered a judgment for respondent, from which this appeal is prosecuted.

The facts, briefly stated, are that, in 1870, one Godsmark filed an application to enter 40 acres of land in the State of Michigan under the homestead laws of the United States. This entry was contested by one Hess, and in 1872 the entry was canceled. It is alleged that Godsmark was a soldier, and therefore entitled under sec. 2306, Rev. Stat. U. S. Comp. Stat. 1901, p. 1415, to make a soldier's additional homestead entry. Petitioner is attempting to exercise this right, which he claims to have acquired through mesne conveyances from Godsmark.

His application was refused on the ground that the land Godsmark entered in Michigan had been granted, prior to his entry, to the State of Michigan for the benefit of the Amboy, Lansing, & Traverse Bay Railroad Company, and was therefore, at the time of the entry, not public land subject to entry under the laws of the United States, and that Godsmark, not having entered land subject to entry, had not exhausted any portion of his homestead right, and consequently had no additional right to dispose of under the provisions of sec. 2306, supra.

*Mr. D. N. Clark, Mr. Homer Guerry,* and *Mr. W. W. Wright* for the appellant.

*Mr. Charles W. Cobb,* Assistant Attorney General, *Mr. F. W. Clements,* First Assistant Attorney, and *Mr. C. Edward Wright,* Assistant Attorney, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are not called upon to determine the validity of the entry of Godsmark, or whether it gave him a right to an additional entry which petitioner, by purchase, could exercise. The authority is vested in the Secretary of the Interior by Congress, to examine into and pass upon the validity of applications to enter the public lands of the United States. His decision in 'this instance not only involved the exercise of judgment and discretion, but was made in the discharge of a duty imposed by law. To grant the petition would require us not only to review the decision of the Secretary, but to determine matters essential to petitioner's right to make the entry, which have not, so far as the record discloses, been passed upon by the Secretary. Assuming that Godsmark did make a valid original homestead entry, before petitioner's application should be allowed the Department would have to investigate his military record, whether he had in fact assigned his right, and, if so, whether petitioner is the lawful assignee. Hence, we are not only called upon to review the decision of the Secretary, but

to exercise original jurisdiction as to the determination of the above facts in a matter in which he is vested with exclusive jurisdiction. Mandamus will not afford the petitioner any relief. The writ cannot be made to perform the function of a writ of error, and is not therefore available for the purpose of compelling the head of a department of the government to reverse a decision made in the exercise of the judgment and discretion reposed in him by law, and which he had full jurisdiction to make. Neither will it issue to control the judgment and discretion of an officer in the decision of a matter which the law imposes upon him the duty of originally deciding for himself. *Decatur* v. *Paulding,* 14 Pet. 497, 515, 10 L. ed. 559, 568; *United States ex rel. Tucker* v. *Seaman,* 17 How. 225, 230, 15 L. ed. 226, 227; *Gaines* v. *Thompson,* 7 Wall. 347, 19 L. ed. 62; *Litchfield* v. *The Register (Litchfield* v. *Richards)* 9 Wall. 575, 19 L. ed. 681; *United States* v. *Schurz,* 102 U. S. 378, 26 L. ed. 167; *United States ex rel. Dunlap* v. *Black,* 128 U. S. 40, 48, 32 L. ed. 354, 357, 9 Sup. Ct. Rep. 12; *United States ex rel. Riverside Oil Co.* v. *Hitchcock,* 190 U. S. 316, 324, 47 L. ed. 1074, 1078, 23 Sup. Ct. Rep. 698; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356.

The question of law suggested is not a new one, and original discussion is unnecessary in the light of the above decisions. The action of the Secretary was neither arbitrary nor merely ministerial, but was taken in the exercise of judgment and discretion within the authority conferred by law. It cannot therefore be controlled by mandamus.

The judgment is affirmed, with costs, and it is so ordered.

*Affirmed.*

On May 14, 1912, an application by the appellant for the allowance of a writ of error from the Supreme Court of the United States was denied.