GENE R. SPENCER

*v.*

JOSEPH YERACE, *et al.,* AS MEMBERS OF THE BOARD OF TRUSTEES OF THE FAIRMONT POLICEMEN'S PENSION OR RELIEF FUND, *et al., etc.*

(No. 13047)

Submitted April 20, 1971.          Decided May 11, 1971.

*J. Patrick Bower, Ross Maruka,* for appellant.

*Gary K. Rymer, John S. Sibray,* for appellees.

HAYMOND, JUDGE:

This is an appeal, granted January 18, 1971, upon the application of the petitioner, Gene R. Spencer, from the final judgment of the Circuit Court of Marion County, West Virginia, rendered October 20, 1970, which denied the petitioner a policemen's permanent disability pension and certain other relief for which he prayed in his petition.

The relief which the petitioner seeks in this mandamus proceeding instituted in the Circuit Court of Marion County, West Virginia January 30, 1970 is a writ to compel the defendants, Joseph Yerace, James Fox, Edward De Vito, Junior Slaughter and Mayor Albert F. Robinson, as members of the Board of Trustees of the Policemen's Pension or Relief Fund of the City of Fairmont, herein sometimes referred to as Trustees, and Mayor Albert F. Robinson, William G. Meyer, Forrest L. Springer and William MacOlvin, as members of the Board of Directors of the City of Fairmont, West Virginia, a municipal corporation, to cause a board of medical examiners composed of at least three physicians to be convened to determine if the petitioner is so physically or mentally permanently disabled as to render necessary his retirement from all services in the police department of the city of Fairmont, and to file a report of such examination; to promulgate adequate rules and regulations as to how temporary disability shall be paid; to pay the petitioner immediately twenty-six weekly payments of temporary disability; to evaluate his claim for disability in an impartial manner; and in effect to award the petitioner a pension by reason of his permanent physical and mental disability as provided by Section 18, Article 6, Chapter 8, Code, 1931, as amended, before that statute was amended by Chapter 86, Acts of the Legislature, 1969, regular session, effective

July 1, 1969 which now appears as Section 24, Article 22, Chapter 8, Code, 1931, as so amended.

Leave to move to reverse having been granted this proceeding was submitted for decision on April 20, 1971 upon the motion of the petitioner to reverse, the record, and the briefs and the oral arguments of the attorneys for the respective parties.

The material facts are not disputed and the question for determination is whether, upon the undisputed facts, the petitioner is entitled to a permanent disability pension under the applicable provisions of the statute in effect when he became disabled in 1969, which are:

"If any member of such fire department or police department of any such municipality shall become and be found upon examination by a majority of a board of medical examiners, which board shall consist of not less than three physicians appointed by the board of trustees, to have become so physically or mentally permanently disabled by reason of services rendered in the performance of his duties in such department, as to render necessary his retirement from all service in such department, or if any member who has been such a member of either of such departments for a period of not less than five consecutive years preceding his disability become and be found upon such an examination to have become so physically or mentally permanently disabled, regardless of the cause therefor, as to render necessary his retirement from all services in such department, such board of trustees shall retire such permanently disabled persons from all services in such department; and said board of trustees of such pension or relief fund shall authorize the payment to such permanently disabled persons monthly from the pension fund the amounts as fixed by the rules hereinafter provided for. If any member of such department shall at any time be injured or become sick, so as to render such member temporarily disabled, he shall be paid from said pension or relief fund the amount to be determined by the rules established, as aforesaid, during

such disability for not exceeding twenty-six weeks. No person shall be eligible for any pension unless such member shall have presented himself for an examination at the time of his appointment to the department and his condition was then approved by a majority of a board of medical examiners appointed as aforesaid by such pension board: Provided, however, that this provision shall not apply to any person who is a member of either of said departments at the time of the enactment of this law.

"Any person who has been heretofore, or who shall hereafter be, allowed a pension under the provisions of this article may be required by such board to be re-examined at any time and if he is then not disabled as aforesaid he shall be ordered by the mayor or other chief executive officer of the municipality to return to duty in his former position in the fire or police department, as the case may be, and his pension discontinued: Provided, however, that this provision shall not apply to any person until such person can and shall be restored to his former position in such department."

The petitioner became a member of the Fairmont police department October 1, 1959 and served continuously on active duty as a member of the department until January 26, 1969. During his service he attained the rank of sergeant. In January 1969 he was advised by his physician that he was incapable of performing the duties of a police officer. Under date of February 4, 1969 he applied in writing to the Board of Trustees of the Policemen's Pension or Relief Fund of the City of Fairmont for a permanent disability pension by reason of physical injury on January 19, 1967 while on duty as a patrolman. By letter dated February 15, 1969 the petitioner was informed by the Trustees that his request for permanent disability pension had been denied and the letter contained a request that the petitioner "furnish the pension board with medical reports showing us why you should be put on disability pension."

After some correspondence between an attorney of the petitioner and a member of the board of trustees the petitioner was separately examined on April 29 by three physicians who filed separate reports of his condition, dated April 29, May 2, and May 21, 1969 but they were not convened as a board of examiners to examine the petitioner and they made no finding as to disability. After his examination by those doctors the petitioner instituted this mandamus proceeding and the court issued a rule returnable February 14, 1970 and a hearing was held on that day.

By order entered March 6, 1970, the court found that the applicable statute had not been complied with and ordered the Trustees to appoint a board of examiners consisting of three physicians to examine the petitioner and determine whether he was physically or mentally permanently disabled from performing his duties as a police officer of the city of Fairmont from and after January, 1969. Pursuant to that order the Trustees appointed a board of medical examiners consisting of Doctors Robert S. Wilson, R. T. Humphries and L. Dale Simmons who, after examining the petitioner on March 31, 1970, reported in writing that the petitioner "Is so physically or mentally permanently disabled as to render necessary his retirement from all services in the Police Department in the City of Fairmont." To that report, however Doctor Humphries appended a supplemental written statement that the petitioner "would not be able to do heavy police work that required handling drunks or arrests for fear of injuring neck. He could be able to do light jobs and desk work." By separate notations on June 4th and 5th, 1970, Doctors Wilson and Simmons concurred in the supplemental statement of Doctor Humphries. On the basis of the supplemental statement to the effect that the petitioner could perform light jobs or desk work, the Trustees rejected the application of the petitioner for a permanent disability pension.

By its final judgment the circuit court denied the petition for a writ of mandamus to require the Trustees to grant the petitioner a disability pension on the ground

that, as the record showed that the petitioner can perform light jobs and desk work, he was not entitled to the disability pension for which he had applied. The court also refused the prayer of the petition for a writ to require a hearing by the court to determine whether the Trustees had evaluated the petitioner's claim for permanent disability in an impartial and unbiased manner, on the ground that it was immaterial how other persons who received disability pensions had been treated or how the Trustees had interpreted the provisions of the statute in the past; but the court awarded a writ to require the Trustees to promulgate rules and regulations for the distribution of pension funds according to the qualifications of those to whom any portion of such funds should be paid and the amounts paid pursuant to the provisions of Section 17, Article 6, Chapter 8, Code, 1931, as amended.

In determining whether the petitioner is entitled to the permanent disability pension for which he has applied, and which the Trustees have refused to grant him, it is necessary to ascertain the legislative intent in enacting the applicable statute, Section 18, Article 6, Chapter 8, Code, 1931, as amended, in effect when the petitioner became disabled in January, 1969. "Enactments providing for police pensions are to be construed in accordance with the legislative intention, and the terms used are to be given their reasonable meaning. Such statutes and ordinances are to be construed as a whole and together with related acts. They are to be construed in accord with their object and purpose even if it is necessary, in so doing, to restrict the force of subsidiary provisions. Pension provisions applicable to members of the police force will be liberally construed and ambiguities resolved in favor of those to be benefited. * * * ." 62 C.J.S., *Municipal Corporations,* Section 588d. The intention of the Legislature is ascertained from the provisions of the statute by the application of sound and well-established canons of construction, and the only manner in which the will of the Legislature is expressed is in the statute itself. In the construction of statutes, it is the legislative intent manifested

in the statute that is important and such intent must be determined primarily from the language of the statute. *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States,* 144 W.Va. 137, 107 S.E. 2d 353. Statutes creating a pension and relief fund for municipal employees should receive a liberal construction. *Cawley v. The Board of Trustees of the Firemen's Pension or Relief Fund of the City of Beckley,* 138 W.Va. 571, 76 S.E.2d 683; *Sturm v. Seamonds,* 122 W.Va. 338, 9 S.E.2d 227. In ascertaining the legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation. *Woodruff v. City of Nashville,* 29 Tenn. App. 426, 197 S.W.2d 4. Some of the purposes of statutes providing for police pensions are to promote efficiency, to encourage continuity of service, and to protect the employee and his family. 62 C.J.S., *Municipal Corporations,* Section 588d; *State ex rel. Clemens v. Kern,* 215 Ind. 515, 20 N.E.2d 514; *Courtney v. Courtney,* 251 Wis. 443, 29 N.W. 2d 759.

It is reasonably clear, from the provisions of the statute, that the Legislature intended to provide disability pensions for a member of the police department of a municipality when his disability is such that he can not perform all the services of an active policeman and his ability to perform light jobs or desk work or office work does not deprive him of the benefit provided by the statute.

The medical board, after examining the petitioner, as provided by the statute, found that he is so physically or mentally permanently disabled as to render necessary his retirement from all services in the police department of the city of Fairmont, and though each of the doctors individually by supplemental note stated that the petitioner could perform light jobs, desk work or office work, such acts are merely incidental and are not within the ordinary duties of an active policeman. To give the statute the effect of denying a policeman a pension who is permanently disabled to the extent that he can not perform the ordinary duties of an active policeman but can perform

desk duties, light jobs or office work, would defeat the purpose of the Legislature in enacting the statute and would permit the city to reduce an employee in rank, level and dignity and change his class of employment by requiring him to accept a position which would accomplish that result even though the position is in the police department. Any active policeman can, of course, perform desk duties or office work, but that is not the ordinary or essential duty of a policeman. Any person who is physically unable to perform the ordinary duties of an active policeman can, of course, perform desk duty or office work in a police department. Otherwise stated, though an active policeman can, of course, discharge such incidental duties as desk work or office work, a disabled person who is physically and mentally capable only of doing desk work or office work or answering the telephone in a police department is clearly incapable of performing the ordinary duties of an active policeman. Though the statute uses the words "all service" it is clear that the Legislature meant all ordinary services of an active policeman and did not intend to deny a policeman, who because of permanent disability is incapable of performing all the ordinary services of an active policeman, his pension because his permanent disability does not prevent him from doing desk duty or light office work. This Court accordingly holds that under the statute, Section 18, Article 6, Chapter 8, Code, 1931, as amended, in effect in January 1969 when his disability occurred, a member of the police department of a municipality who is permanently disabled to the extent that he can not perform all the ordinary services of an active policeman, and who has satisfied the other requirements of the statute, is entitled to the pension provided by the statute and it is the duty of the Board of Trustees of the Policemen's Pension or Relief Fund of the municipality to award him such pension from the date of the occurrence of such disability; and such duty may be enforced in a mandamus proceeding.

In *Mainella* v. *The Board of Trustees of Policemen's Pension or Relief Fund of the City of Fairmont*, 126 W.Va.

183, 27 S.E.2d 486, a suit for declaratory judgment by a policeman against the Board of Trustees of the Policemen's Pension or Relief Fund of the city in which a judgment in favor of the plaintiff was reversed because the city and its mayor who were necessary parties, had not been made parties to the suit, this Court, in considering the same statutory provision involved in this proceeding indicated clearly that the legislative intent in enacting the statute was that a policeman who was disabled to the extent that he was physically and mentally unable to perform the duties of an active policeman, was entitled to the pension provided by the statute. In the opinion this Court said: "If the plaintiff is physically and mentally able to perform the duties of an active policeman, clearly he is not entitled to a pension, but if such disability exists his right thereto is equally clear."

In *Pueblo Firemen's Pension Board* v. *Hubersberger*, 132 Colo. 344, 288 P.2d 352, the Supreme Court of Colorado held, under the statute considered in that case, that a city fireman who was injured in an accident arising out of and in the course of his employment and was disabled from functioning as a fireman, was entitled to pension and could not be required to fill a non-classified position as telephone switchboard operator in another city department. The statute under consideration in that case is similar to and almost identical with the statute involved in this case and contains these provisions: "If any member or officer of any fire department shall become mentally or physically disabled so as to render necessary his retirement from service in such department, said board of trustees shall retire such member from service in such department, and he shall receive from the pension fund an amount equal to one half of the monthly salary received by him at the time he shall become so disabled. * * *." In the opinion the court said: "It is manifest from reading the foregoing legislative enactment that once the petitioner's disability was established (as was done in this case) that it was the mandatory duty (as evidenced by the word 'shall') of the Board to retire the petitioner and grant his pension.

The Board recognized the petitioner's disability by relieving him of his duties as captain in the department. We think that the statute is clear and free from ambiguity and is capable of only one interpretation, if interpretation be required." It is true that the provision that the board "shall retire such member from service in such department," does not contain the word "all" which appears in a similar provision of the statute here involved, but it is evident that the provision in the Colorado statute related to all services in the department.

In *Simmons* v. *Policemen's Pension Commission of Borough of Deal,* 111 N.J. Law 134, 166 A. 925, the court held that a policeman, who while on duty as a motorcycle policeman was seriously and permanently injured and sustained an impairment of hearing and of vision but who was able to perform desk duty or other similar duties in the performance of which perfect hearing and eyesight were not essential, was entitled to a pension under a statute which provided that a member of a police or fire department could retire by reason of injury or disease. In the opinion the court used this pertinent language: "If a policeman is unable to perform the ordinary everyday duties of a policeman, and is permanently unfitted therefor, he is under permanent disability, and it is no answer to say that the statute does not entitle him to retire, because he is able to sit at a desk and make entries in a book. * * *. We think the theory of our statute is that a fireman is a fireman, a policeman a policeman, and neither a desk clerk; and that a policeman permanently disabled to do his ordinary duty as such and otherwise within the statute is entitled to invoke it." Here the petitioner is a policeman not a desk clerk or an office worker, just as the New Jersey policeman was a policeman and not a desk clerk. The petitioner is a policeman, not a desk clerk; and a desk clerk is not a policeman.

The motion to reverse is granted and the final judgment of the Circuit Court of Marion County, to the extent that it denies the right of the petitioner to the pension for

which he made application to the Trustees, is reversed and set aside and this proceeding is remanded to that court with directions that it issue a writ to require the defendants, as members of the Board of Trustees of the Policemen's Pension or Relief Fund of the City of Fairmont, and their successors in that office, to award the petitioner the pension for which he has made proper application; such pension to be effective from the date of the disability of the petitioner in January 1969.

> *Motion to reverse granted; reversed and remanded with directions.*