J. W. KINSEY

*v.*

B. W. ADKINS, B. H. CASSELL, R. L. BONAR,
CHAUNCEY H. BROWNING, JR. *and* JOHN H. KELLY,
*as Members of the West Virginia Department of*
*Public Safety Retirement Board*

(No. 13406)

Submitted October 16, 1973.    Decided December 21, 1973.

*Ross Maruka* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *William D. Highland,* Assistant Attorney General for respondents.

BERRY, CHIEF JUSTICE:

This original proceeding in mandamus was instituted by J. W. Kinsey, hereinafter referred to as the petitioner, against B. W. Adkins, B. H. Cassell, R. L. Bonar, Chauncey H. Browning, Jr. and John H. Kelly, as members of the West Virginia Department of Public Safety Retirement Board, hereinafter referred to as respondents, to compel them to retire petitioner from active service with the West Virginia Department of Public Safety and to award him total disability benefits in accordance with the provisions of the death, disability and retirement fund which the respondents administer. A rule was issued September 17, 1973 and made returnable October 16, 1973 at which time the case was submitted for decision on the arguments and briefs on behalf of the respective parties.

The petitioner is a member of the West Virginia Department of Public Safety, having the rank of Trooper. Petitioner joined the Department on December 5, 1965 but on March 28, 1968 petitioner, while performing official duties, sustained an injury to his right foot as a result of an accidental self-inflicted shotgun blast. Petitioner lost a portion of his right heel mass and subsequently petitioner was transferred to the Logan Detachment as a night radio operator. Petitioner contends he is no longer able to perform adequately the duties required of him as a member of the Department of Public Safety. Petitioner contends he is physically permanently disabled and on April 14, 1973 applied for an award of

disability retirement to the retirement board and submitted the medical reports of Dr. Kuhn, Dr. Seltzer and Dr. Pushkin. All of the medical reports concluded that the petitioner was not physically able to perform the activities ordinarily performed by state police officers. By letter dated July 10, 1973 the retirement board denied petitioner's application.

The respondents' primary contention is that under Code, 15-2-27, as amended, the decisions of the retirement board are supreme and final and the statute provides that there shall be no appeal therefrom, and, thus, this Court has no jurisdiction to hear the case. On the other hand, petitioner contends he has a vested property interest in the fund since he makes monthly contributions to it and a denial of relief would be a taking of private property without due process of law.

The petitioner relies on the case of *Spencer v. Yerace*, 155 W.Va. 54, 180 S.E.2d 868, which held that a member of a police department of a municipality who was permanently disabled to the extent that he could not perform all of the ordinary duties of an active policeman, and who had satisfied all of the other requirements of the statute, was entitled to the pension provided by statute. Under those circumstances the Court held it was the duty of the board of trustees of the pension fund to award him a pension and that mandamus would lie to compel the board to make the award. The *Spencer* case was decided under the provisions of Code, 8-22-24, as amended, pertaining to the pension relief fund of municipal policemen while the case at bar is covered by the statute pertaining to the retirement and disability fund for the members of the Department of Public Safety. Code, 15-2-27, as amended, contains provisions that are not in the municipal policemen's retirement fund. Code, 15-2-27, as amended, reads as follows: " * * * The retirement board shall have the power to make awards and to revise and terminate awards previously made for such times and under such terms and conditions as are hereinafter provided. The votes of a

majority of the five members of the board shall be necessary to decision of any matter by the board. *Decisions made by the board shall be supreme and final and there shall be no appeal therefrom."* [Emphasis supplied.]

Code, 15-2-28b, as amended, reads in part as follows: "Any member of said department who has been or shall become physically or mentally permanently disabled by injury, illness or disease resulting from any occupational risk or hazard inherent in or peculiar to the services required of members of said department and incurred pursuant to or while such member was or shall be engaged in the performance of his duties as a member of said department shall, if, in the opinion of the retirement board, he is by reason of such cause unable to perform adequately the duties required of him as a member of said department, be retired from active service by the retirement board * * * ."

The general rule that the right of the courts to review the decisions of the pension authorities and tribunals is usually dependent upon statutory authority. *Carter v. Board of Trustees,* 42 Ala. App. 99, 154 So. 2d 43; 60 AM. JUR. 2d, *Pensions and Retirement Funds,* § 71. The power of the legislature to provide that the decisions of the retirement board shall be final does not violate constitutional provisions establishing courts of justice. *Firemen's Pension Fund v. McCrory,* 132 Ky. 89, 116 S.W. 326. This general rule of no review in the courts where the legislature has provided that the decisions of the pension board are final is applied unless there is a showing that the board acted in an arbitrary and capricious manner or clearly abused its discretion. *Rudolph v. United States,* 6 F.2d 487, 40 A.L.R. 1042.

This Court held in the case of *Taylor v. Board of Education of the County of Cabell,* 152 W.Va. 761, 166 S.E.2d 150, that the general rule is that a pension granted by a public authority is not a contractual obligation but is a gratuitous allowance in which the petitioner has no

vested right, but that it would be an unjust distortion of this general rule to apply it in cases where the laws providing for retirement and disability compensations compel the recipients of such benefits to make valuable contributions as consideration for the benefits to be received. There are decisions in many jurisdictions to the effect that the rights of a pensioner under a plan or system which provides for contributions to the fund by the pensioner vest at the time of his retirement when all of the conditions entitling him to a pension have been fulfilled. *Taylor v. Board of Education of the County of Cabell, supra.*

A provision in the statute that the decisions of the pension board shall be final and conclusive does not make the action of the board in denying a pension conclusive where such denial violates the clear provisions of the law. For example, if a pensioner has fulfilled all of the requirements which would entitle him to a pension prescribed by law, and the denial of the board is clearly arbitrary and capricious, the courts will grant relief. See *Oestereich v. Selective Service Bd.,* 393 U.S. 233, 89 S. Ct. 414, 21 L. Ed. 2d 402. A wide discretion is conferred upon a pension board charged with administering a public employees' pension plan and judicial review is ordinarily limited to ascertain whether the board exceeded its jurisdiction or abused its discretion. See *Board of Trustees of Policemen's Pension Fund v. Koman,* 133 Colo. 598, 298 P.2d 737.

Mandamus does not lie to review or control the action or decision of a pension board or officer thereof having authority over pension matters where the action or decision is one resting in the discretion of such board or officer. *United States ex rel. Dunlap v. Black,* 128 U.S. 40, 9 S. Ct. 12; 32 L. Ed. 354; *Firemen's Pension Fund v. McCrory,* 132 Ky. 89, 116 S.W. 326.

This case was submitted for decision on the pleadings. No depositions were taken nor was any transcript made of the proceedings at the hearing before the retirement

board. The petition alleges that the petitioner is unable to perform all of the duties required of a state policeman and has attached three letters from doctors who concluded that the petitioner was unable to perform the duties required of a member of the Department of Public Safety. The petition also alleges that the retirement board considered no testimony or evidence other than the three letters. The respondents' answer denies this allegation and states that the board not only considered these medical reports but also considered the personal appearance of the petitioner and his statements to the board concerning his injury. The doctors' reports indicate that the petitioner had severe scarring as the result of his injury, and one report indicated that the petitioner walked quite satisfactorily. The respondents' answer also indicates that the petitioner is technically trained for the duties assigned him at the present time as a radio technician, that he also operates a teletype machine and dispatches members of the Department of Public Safety to perform police functions, and that he is now performing adequately the duties required of him as a member of the Department of Public Safety. There was no denial of the allegations contained in the respondents' answer and from the facts presented to this Court by the pleadings in the instant case, we cannot say that the respondents acted arbitrarily or capriciously or violated any law with regard to their decision in the case. Therefore, under the circumstances involved and in consideration of the provisions of the statute pertaining to the West Virginia Department of Public Safety Retirement Board, the petitioner has shown no clear legal right for the issuance of a writ of mandamus.

The writ of mandamus prayed for is denied.

*Writ denied.*