504 S.E.2d 903

**Brian E. STULL, Plaintiff Below, Appellee,**

v.

**The FIREMEN'S PENSION AND RELIEF FUND OF the CITY OF CHARLESTON, Defendant Below, Appellant.**

**No. 24757.**

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1998.

Decided July 2, 1998.

John F. Dascoli, Andrew J. Katz, The Segal Law Firm, Charleston, for the Appellant.

J. David Cecil, Armada & Cecil, Hurricane, for the Appellee.

WORKMAN, Justice:

In this declaratory judgment action, the appellant, the Firemen's Pension and Relief Fund of the City of Charleston, appeals from final orders entered in the Circuit Court of Kanawha County, West Virginia, on November 20, 1996, and April 2, 1997. Pursuant to the order of November 20, 1996, the circuit court directed the Board of Trustees of the Fund to pay the appellee, Brian E. Stull, "total and temporary" and "total and permanent" disability benefits with regard to an injury he received in the performance of his duties as a firefighter. *W.Va.Code*, 8–22–23a [1982]. Pursuant to the order of April 2, 1997, the circuit court awarded Stull $3,500 in attorney fees. The Board of Trustees contends, *inter alia*, that Stull failed to exhaust his administrative remedies and that, therefore, the ruling of the circuit court that Stull was entitled to disability benefits, either temporary or total, constituted error. Moreover, the Board of Trustees contends that the award of attorney fees was unwarranted.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court affirms Stull's entitlement to total and temporary disability benefits. We remand this action, however, for a reconsideration of his entitlement to total and permanent disability benefits. Moreover, this Court reverses the award of attorney fees. In addition, in discussing these matters, this Court clarifies the procedural due process rights of applicants for such benefits as first addressed by this Court in *Barron v. Board of Trustees of the Police-*

men's *Pension & Relief Fund*, 176 W.Va. 480, 345 S.E.2d 779 (1985).

## I.

The appellee, Brian E. Stull, was employed as a firefighter by the City of Charleston, West Virginia. As the record before this Court indicates, on September 14, 1989, Stull sustained a serious injury to his right knee while kicking down a door of a burning apartment building. It is undisputed that Stull received the injury in the performance of his duties. According to Stull, the injury rendered him totally and permanently disabled for employment as a firefighter.

Subsequent to various medical procedures, Stull, by letter dated September 30, 1994, applied to the Firemen's Pension and Relief Fund of the City of Charleston for total and permanent disability benefits. Submitted with the letter were various medical reports in support of the claim. The letter made no mention, however, of any claim for total and temporary disability benefits.[1]

In response, the Board of Trustees of the Fund, pursuant to *W.Va.Code*, 8–22–23a(a) [1982], directed Stull to be examined by two physicians in order to determine the validity of the claim. The physicians were Dr. Luis A. Loimil and Dr. J. Hugh Wiley. According to Dr. Loimil, Stull's injury rendered him

permanently disabled and unable to work as a firefighter. Dr. Wiley indicated, however, that, although Stull appeared to be temporarily disabled, he could return to his employment in the future.[2] As a result of the differing conclusions of Dr. Loimil and Dr. Wiley, Stull was directed to be examined by a third medical expert, Dr. Laura Lynn Czulewicz.[3] Consistent with Dr. Wiley, Dr. Czulewicz concluded that, although Stull appeared to be temporarily disabled, he could return to his employment in the future.[4]

Soon after, by letter dated March 22, 1995, the Board of Trustees notified Stull that his application for total and permanent disability benefits had been denied at a meeting conducted by the Board. The record indicates that Stull was never notified of the meeting. Moreover, the letter of March 22, 1995, set forth no statement of reasons for the denial. Nor did the letter inform Stull of his right to appear before the Board upon his own behalf or inform him of his right to contest the Board's decision. The March 22, 1995, letter stated in its entirety:

Mr. Stull you are hereby notified of the Board of Trustees' decision concerning your application for permanent and total disability benefits dated September 30,

---

1. It should be noted that, in addition to the claim submitted to the Firemen's Pension and Relief Fund, Stull filed a claim for workers' compensation benefits. The latter claim, however, does not affect our consideration of this matter. Claims for disability pension benefits and workers' compensation are reconciled in *W.Va.Code*, 8–22–24(b) [1991], which states, in part, that monthly disability pension payments:

    shall not, when aggregated with the monthly amount of state workers' compensation, result in such disabled member receiving a total monthly income from such sources in excess of one hundred percent of the basic compensation which is paid to members holding the same position which such member held within such department at the time of his disability.

2. In his report dated November 17, 1994, Dr. Wiley stated:

    Objectively, we feel that this patient should be able to do his work based upon his clinical and radiographic findings. However, subjectively, the patient is unable to perform his daily duties as a firefighter. We feel that if the patient is able to improve his quadriceps strength, he should be able to return to work at some later date.

3. As *W.Va.Code*, 8–22–23a(a) [1982], provides:

    All members applying for total and temporary or total and permanent disability benefits ... shall be examined by at least two physicians under the direction of the staff at Marshall University, West Virginia University, Morgantown or West Virginia University, Charleston: Provided, That if such member's medical condition cannot be agreed upon by two such physicians, a third physician shall examine such member.

4. In her report of February 3, 1995, Dr. Czulewicz stated:

    Despite multiple surgical evaluations, x-ray examinations, rehab programs and a functional capacity evaluation, the patient still subjectively complains of knee pain which he believes to be permanently disabling to him. After thorough review of his medical records and examination of the patient, I find inconsistencies between his subjective complaints and his objective examination. * * * [W]ith continued exercise rehabilitation to his right knee, he could return to his full duties. I do not find this person permanently disabled from his job capacity.

1994. The Board of Trustees of The Firemen's Pension and Relief Fund of the City of Charleston in the meeting of March 21, 1995 voted to refuse disability benefits.

Thereafter, Stull wrote to the Board of Trustees requesting a written outline of the reasons for the Board's decision. Moreover, Stull asserted that he had a right "to show the board of trustees as to the reasons that I qualify for benefits." Until Stull subsequently hired an attorney, the Board never responded.[5]

On April 15, 1996, Stull filed an action for declaratory judgment in the Circuit Court of Kanawha County. W.Va.R.Civ.P. 57; *W.Va. Code*, 55–13–1 [1941], *et seq.* In the action, Stull sought declaratory relief as to his entitlement to total and temporary and total and permanent disability pension benefits. In addition, Stull sought an award of attorney fees. Subsequently, the Board of Trustees moved to dismiss the action for failure to exhaust administrative remedies. Specifically, the Board asserted that the action should be dismissed because (1) Stull never requested total and temporary benefits in his application to the Board and (2) Stull never appealed the March 1995 denial of total and permanent benefits.

As reflected in an order entered on August 15 1996, the circuit court determined that Stull's September 1994 application for benefits, in effect, raised an issue concerning his alleged total and temporary disability. Pursuant to that order, the Board was directed to obtain additional medical evaluations. Thereafter, in September 1996, reports were received from Dr. Edward J. Doyle, Jr., and Dr. A.E. Landis, both of whom indicated that Stull was permanently (rather than simply temporarily) disabled and unable to work as a firefighter. Soon after, the Board of Trustees, on October 17, 1996, granted Stull total and temporary disability pension benefits prospectively from that date.

Nevertheless, pursuant to the final order of November 20, 1996, the circuit court, emphasizing the reports of Dr. Doyle and Dr. Landis, directed the Board of Trustees of the Fund to pay Stull total and temporary benefits from September 30, 1994, the date of Stull's application for benefits, to October 17, 1996. Furthermore, the circuit court directed the Board to pay Stull total and permanent disability benefits as of October 17, 1996. Subsequently, on April 2, 1997, the circuit court awarded Stull $3,500 in attorney fees with regard to the prosecution of the declaratory judgment action.

## II.

This Court, in *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), stated that "because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo;* however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." 195 W.Va. at 612, 466 S.E.2d at 463. *See also,* syl. pt. 1, *Randolph County Board of Education v. Adams,* 196 W.Va. 9, 467 S.E.2d 150 (1995); Lugar & Silverstein, *West Virginia Rules of Civil Procedure,* p. 443 (Michie 1960).

This State's statutory scheme with regard to municipal pension and relief funds for police officers and firefighters is found in *W.Va.Code,* 8–22–16 [1994], through *W.Va. Code,* 8–22–28 [1981]. Of specific concern herein are the provisions of *W.Va.Code,* 8–22–23a [1982], which provide for both "total and temporary" and "total and permanent" disability benefits. Under *W.Va.Code,* 8–22–23a(b) [1982], total and temporary benefits may be obtained where a police officer or firefighter

has become so totally, physically or mentally disabled, from any reason, as to render such member totally, physically or mentally, incapacitated for employment as a police officer or firefighter and ... it has

---

5. The record indicates that, after requesting an outline of reasons for the denial of benefits, Stull hired an attorney who sent a letter to the attorney for the Board of Trustees asserting that Stull had a right to an explanation for the denial and to an opportunity to appear before the Board. By letter dated March 6, 1996, the Board's attorney replied and indicated that benefits were denied because two of the three examining physicians concluded that Stull was not totally and permanently disabled. In addition, the Board's attorney indicated that Stull could still request an appearance before the Board.

not been determined if such disability is permanent or it has been determined that such disability may be alleviated or eliminated if such member follows a reasonable medical treatment plan or reasonable medical advice.

On the other hand, under *W.Va.Code*, 8–22–23a(c) [1982], total and permanent disability benefits may be obtained where a police officer or firefighter

has become so totally, physically or mentally, and permanently disabled, as a proximate result of service rendered in the performance of his duties in such department, as to render such member totally, physically or mentally, and permanently incapacitated for employment as a police officer or firefighter or, if such member has been a member of either of such departments for a period of not less than five consecutive years preceding such disability, such member has become so totally, physically or mentally, and permanently disabled, from any reason other than service rendered in the performance of his duties in such department, as to render such member totally, physically or mentally, and permanently incapacitated for employment as a police officer or firefighter.

In *Spencer v. Yerace*, 155 W.Va. 54, 180 S.E.2d 868 (1971), this Court indicated that statutes creating pension and relief funds for municipal employees should be liberally construed "in favor of those to be benefited." 155 W.Va. at 59, 180 S.E.2d at 871. *See also, Cawley v. Board of Trustees*, 138 W.Va. 571, 578, 76 S.E.2d 683, 687 (1953); 13B M. J., *Municipal Corporations*, sec. 81 n. 12 (Michie 1988). Thus, we note the language of *W.Va.Code*, 8–22–17 [1981], which states that, as "fund fiduciaries," boards of trustees shall discharge their duties "solely in the interest" of the employees.

The above statutory scheme, and the principles of due process applicable thereto, were discussed by this Court in *Barron, supra.* In *Barron*, a police officer employed by the City of Vienna, West Virginia, applied to the board of trustees of the pension and relief fund of that city for disability benefits. The medical reports, however, were conflicting. The board of trustees, in *Barron*, turned down the application for benefits and denied the police officer's request for a hearing.

Thereafter, asserting that he was entitled to a hearing before the board, particularly for the purpose of cross-examining the medical experts, the police officer sought mandamus relief in the circuit court. The circuit court, however, denied the requested relief.

In *Barron*, this Court reversed the circuit court's ruling and directed that the police officer be afforded an opportunity to pursue his claim in conformity with certain due process protections, including the right to appear before the board to present reasons why a disability pension should be awarded. Specifically, recognizing (1) that a "full adversarial evidentiary hearing" is not required in such cases and (2) that ambiguities in medical reports could be sufficiently resolved through depositions, this Court, in *Barron*, held in syllabus point 4:

The procedural due process rights that should be accorded a member of the Policemen's Pension and Relief Fund, created under W.Va.Code, 8–22–16, are that such member is entitled to retained counsel, to take the deposition of physicians appointed by the Board of Trustees, to appear before the Board of Trustees to present his reasons why he qualifies, and to have the Board of Trustees give a written statement outlining its reasons for denying benefits.

In so holding, this Court, in *Barron*, explained: "[A] police officer who is a member of the Policemen's Pension and Relief Fund created under W.Va.Code, 8–22–16 through – 28, does have a property interest in such Fund that gives rise to some procedural due process protection." 176 W.Va. at 483–84, 345 S.E.2d at 783. *See also*, 60A Am.Jur.2d *Pensions and Retirement Funds* sec. 1628 (1988).

### III.

As indicated above, the circuit court directed the Board of Trustees to pay Stull total and temporary benefits from September 30, 1994, the date of Stull's application for benefits, to October 17, 1996. That ruling followed an earlier determination by the circuit court that Stull's application, although couched in language seeking permanent benefits, in effect also raised an issue concerning

temporary benefits. The Board contends, however, that, inasmuch as Stull's application made no mention of any claim for total and temporary benefits, the circuit court's ruling constituted error. In particular, the Board asserts that, although Stull sought administratively to obtain total and permanent disability benefits, he failed to do so with regard to total and temporary benefits. Therefore, he was precluded from seeking such benefits for the first time in the declaratory judgment action.

The Board's contention, however, is deprived of significance in the context of the record before this Court. Specifically, the record includes five medical reports, three of which, i.e., those of Dr. Loimil, Dr. Doyle and Dr. Landis, indicated that the injury rendered Stull totally and permanently disabled and unable to work as a firefighter. The two remaining reports, i.e., those of Dr. Wiley and Dr. Czulewicz, indicated that the injury rendered Stull temporarily disabled but that he could return to his employment in the future. Clearly, all the reports suggested that Stull was, at minimum, temporarily disabled at the time of his September 1994 application for benefits, if not before. As Stull's brief filed with this Court stated: "None of the physicians examining [Stull] made a determination of no disability; at most they found that he might with appropriate rehabilitation improve to the point of returning to his fireman's position." Moreover, the Board of Trustees indicated to this Court that Stull was probably entitled to total and temporary disability benefits in some fashion, and, as stated above, the Board, in fact, granted such benefits to Stull in October 1996.

■ Accordingly, in terms of the issue of total and temporary disability, the circuit court ruled correctly, given the unrefuted

medical evidence of record. This Court, therefore, affirms the ruling of the circuit court which directed the Board of Trustees to pay Stull total and temporary benefits from September 30, 1994, to October 17, 1996. Specifically, we hold that where a police officer or firefighter applies to a board of trustees of a pension and relief fund for total and permanent disability benefits pursuant to *W.Va.Code*, 8–22–16 [1994], through *W.Va.Code*, 8–22–28 [1981], with regard to an injury received in the performance of his or her duties, and the medical evidence obtained by way of those provisions indicates that the police officer or firefighter may have been totally and temporarily disabled as a result of the injury, the board of trustees of the fund has a duty pursuant to the beneficial purpose of that statutory scheme to consider the application as one for total and temporary disability benefits, as well as for total and permanent disability benefits.[6]

■ With regard to total and permanent disability benefits, however, the medical evidence herein is conflicting. Thus, the Board of Trustees contends that the circuit court committed error in not affording the proper discretion to the Board's denial of a total and permanent award. According to the Board, the true fact-finding in disability pension cases such as this one, brought pursuant to the statutory scheme set forth in *W.Va.Code*, 8–22–16 [1994], through *W.Va.Code*, 8–22–28 [1981], occurs at the administrative level. Therefore, the Board asserts, its decisions are entitled to a deferential standard of review.

As tempting as the argument of the Board may be, it is unconvincing in the circumstances of this action, however, because of the Board's failure to comply with the principles of *Barron, supra.* In *Hutchison v. City*

---

**6.** In upholding total and temporary benefits from September 30, 1994, to October 17, 1996, we note that the parties focused before this Court upon whether such temporary benefits should have been awarded retroactively or prospectively from October 17, 1996, *i.e.*, the date the Board of Trustees took action with respect to Stull's temporary disability. The parties, however, have not sufficiently addressed the issue of when, specifically, the payment of a police officer's or firefighter's total and temporary or total and permanent disability benefits should begin.

The statutory scheme under review, *W. Va.Code*, 8–22–16 [1994], through *W. Va.Code*, 8–22–28 [1981], is relevant to that issue. In particular, *W. Va.Code*, 8–22–23a [1982], indicates that the allowance of both "total and temporary" and "total and permanent" disability benefits is tied to the statutory medical examinations required pursuant to subsection (a) of that section. Nevertheless, inasmuch as the parties have not submitted this action to us in that regard, we leave that question for another day.

*of Huntington,* 198 W.Va. 139, 479 S.E.2d 649 (1996), this Court observed that the opportunity to be heard at a meaningful time and in a meaningful manner is a fundamental requirement of due process. 198 W.Va. at 154, 479 S.E.2d at 664. Moreover, this Court indicated, in *Hutchison,* that due process requires a degree of flexibility in its application to various circumstances. 198 W.Va. at 156, 479 S.E.2d at 666. *See also, Bowman v. Leverette,* 169 W.Va. 589, 597, 289 S.E.2d 435, 440 (1982), in which this Court recognized that due process is the "least frozen" tenet in the law. As set forth above, those concepts translate, in *Barron,* to the right (1) to retained counsel, (2) to take the deposition of physicians appointed by the Board, (3) to appear before the Board and (4) to have the Board give a written statement outlining its reasons for denying benefits.

■ Here, Stull was informed by letter dated March 22, 1995, that his application for disability benefits had been denied at a meeting conducted by the Board. Stull was never notified of the meeting, and no reasons for the denial were given. Nor did the letter of March 22, 1995, inform Stull of his right to appear before the Board or inform him of his right to contest the Board's decision. When Stull subsequently requested a written outline of the reasons for the Board's decision and an opportunity "to show the board" why he qualified for benefits, no response was given until Stull hired an attorney. Clearly, therefore, the Board of Trustees did not adhere to the requirements of *Barron* and failed to conduct its proceedings "in favor of those to be benefited" by the pension and relief fund statutes within the meaning of *Spencer, supra.* By requesting the reasons for the Board's decision and seeking an opportunity to show the Board why he qualified for benefits, Stull attempted to exhaust his administrative remedies. Consequently, his action for declaratory judgment, in these circumstances, was not precluded. *See, Mainella v. Board of Trustees,* 126 W.Va. 183, 27 S.E.2d 486 (1943), indicating that the actions of a board of trustees of a policemen's pension and relief fund may be reviewed in a declaratory judgment action.

■ Nevertheless, the circuit court action notwithstanding, a factual question persists concerning Stull's entitlement to total and permanent disability benefits. As indicated above, the medical evidence is conflicting. Whereas Dr. Loimil, Dr. Doyle and Dr. Landis determined that Stull was permanently disabled and unable to work as a firefighter, Dr. Wiley and Dr. Czulewicz concluded that, with rehabilitation, Stull could return to his employment in the future. As the February 3, 1995, report of Dr. Czulewicz stated: "[W]ith continued exercise rehabilitation to his right knee, [Stull] could return to his full duties. I do not find this person permanently disabled from his job capacity." *See,* n. 4, *supra.* The circuit court in the final order of November 20, 1996, discussed only the reports of Dr. Doyle and Dr. Landis and did not mention the reports of Dr. Loimil, Dr. Wiley or Dr. Czulewicz. Thus, this Court is of the opinion that the final order is lacking in its analysis of the evidence concerning the award of total and permanent disability benefits, and, in that regard, the order is "clearly erroneous." *See, Cox, supra.* This Court, therefore, directs the circuit court to enter an order remanding the issue of total and permanent disability benefits to the Board of Trustees for further consideration. Consequently, we reverse and set aside the award of attorney fees mandated in the final order of April 2, 1997.

■ Upon remand before the Board, Stull, of course, will be entitled to the due process protections set forth in syllabus point 4 of *Barron,* i.e., the right (1) to retained counsel, (2) to take the deposition of physicians appointed by the Board, (3) to appear before the Board and (4), if denied benefits, to have the Board give a written statement outlining its reasons for denying benefits. In order to facilitate those protections, and to clarify *Barron,* this Court holds that procedural due process requires that an applicant for disability benefits with regard to a police officer's or firefighter's pension and relief fund, *W.Va. Code,* 8–22–16 [1994], through *W.Va.Code,* 8–22–28 [1981], receive meaningful notice concerning his or her rights, as established in *Barron v. Board of Trustees of the Policemen's Pension & Relief Fund,* 176 W.Va. 480, 345 S.E.2d 779 (1985), (1) to retained counsel, (2) to take the deposition of physicians appointed by the board of trustees of the fund, (3) to appear before the Board and

**448**

(4), if denied benefits, to have the Board give a written statement outlining its reasons for denying benefits; accordingly, the board of trustees of a police officer's or firefighter's pension and relief fund shall provide written notice of those rights to the applicant at the time of the filing of the application for such benefits.

Upon all of the above, therefore, this Court affirms the final order of November 20, 1996, to the extent that it directs the Board of Trustees to pay Stull total and temporary disability benefits from September 30, 1994, to October 17, 1996. However, this Court reverses that order with regard to the issue of total and permanent disability benefits, and we direct the circuit court to enter an order remanding the issue of Stull's entitlement to such benefits to the Board of Trustees for further consideration. Finally, in view of the remand of the total and permanent disability issue, this Court reverses the final order of April 2, 1997, awarding attorney fees.

Affirmed, in part; reversed, in part; and remanded.

DAVIS, C.J., deeming herself disqualified, did not participate in the decision in this case.