# CHARLESTON.

## LOUGH *v.* MICHAEL *et al.*

Submitted January 23, 1893.—Decided April 1, 1893.

1. VENDOR'S LIEN—DEED.

   The vendor's equitable lien is abolished by section 1, c. 75, of the Code, which section reads as follows: "If any person convey any real estate, and the purchase-money or any part thereof remain unpaid at the time of the conveyance, he shall not thereby have a lien for such unpaid purchase-money, unless such lien is expressly reserved on the face of the conveyance."

2. VENDOR'S LIEN—DEED—MISTAKES.

   A mistake of the scrivener in drawing a deed, whereby the reservation of such lien is omitted, will be corrected by a court of equity, but not to the prejudice of a lienholder whose debt was contracted on the faith of the vendee's ownership of the property conveyed by a deed of record, in which such lien is not reserved.

3. SALE—LIENS—PRIORITIES.

   The general rule is that the sale of real estate should not be decreed to be made until the lienholders have been convened as prescribed by section 7, c. 139, of the Code, and the amounts and priorities of their liens ascertained. A departure from this rule can only be justified by some good reason, expressly given or otherwise plainly appearing.

J. A. HAGGERTY for appellants cited Code c. 75, s. 1; 26 W. Va. 607, 609, 610; 2 Sto. Eq. Juris. § 1218; 3 Leigh 597; 8 Leigh 522; 7 Wheat. 46; 13 Gratt. 621; 1 Dev. & Bat. 379; Id. 32, 35; 2 Humph. 145; 1 Lead. Cas. Eq. (t. p.) 279.

U. N. ARNETT, JR., and C. POWELL for appellees cited Wat. Spec. Perf. § 369; Id. 370; Id. 371; 14 N. H. 378; 27 Tex. 678; 1 Bush 316; Id. 168; 10 Ohio 85; 2 Gratt. 266; 3 Gratt. 335; 17 Ala. 557; 2 Johns, Ch'y 585; 55 Am. Dec. 138; 1 Pet. 1, 13; 19 Cal. 673; 44 N. H. 446; 33 Am. Dec. 193; 1 Am. Dec. 26; 29 Am. Dec. 63; 19 Am. Dec. 395; Id. 399; 31 Am. Dec. 252; Free. Jdgts. § 357; 2 Am. Dec. 59; 2 Vern. 565; Id. 609; 1 Eq. Cas. Abr. 320; 1 P. Wms. 279; 39 Am. Dec. 437; 1 Ed. Ch'y 477;

1 Sto. Eq. Cas. Eq. 128; 1 Eq. Cas. Abr. 320 ; 1 Paige 125;
2 Sto. Eq. Juris. (4th Ed.) § 1521.

HOLT, JUDGE:

This is a suit in equity, brought in the Circuit Court of
Marion county, to correct a mistake in a deed executed by
Lough to Michael for a tract of land, to be made by insert-
ing a clause retaining a vendor's lien for the purchase-
money, which plaintiff claimed was omitted by the mistake
of the scrivener.   The court made the correction, which
had the effect of postponing to their loss other lien-
creditors of John E. Michael, and, among them, Perry
Lough, who had a deed of trust for three hundred dollars
on the land in question, and Columbus Brown, Morgan
Billingsley, and D. R. Tennant, who had judgment-liens.
These lienors obtained this appeal.

Prior to the Code of 1849, which took effect July 1, 1850,
the vendor in Virginia had, although he had conveyed the
land, an equitable lien therein for the unpaid purchase-
money, based upon the supposed intention of the parties,
but not good against a subsequent purchaser for value
without notice.   But what constituted notice, and whether
there was notice in the given case, was a fruitful and per-
plexing source of litigation.

In *Redford* v. *Gibson* (1841) 12 Leigh, 332, 343, Judge
ALLEN suggested in his opinion that "prudence dictates the
propriety in all cases of retaining an express lien where
the legal title is parted with," especially in this State,
where all incumbrances are required to be recorded.   Ac-
cordingly the revisers of the Code of 1849, recommended
the repealing and annulling of the implied vendor's lien in
all cases, and to that end reported the law as it was then
enacted and now stands. See Revisers' Report (Code 1849,
p. 617, note.)   Section 1, c. 75, reads as follows :

"If any person convey any real estate, and the purchase-
money, or any part thereof, remains unpaid at the time of
the conveyance, he shall not thereby have a lien for such
unpaid purchase-money, unless such lien is expressly re-
served on the face of the conveyance."

The facts of this case are as follows :   On the 15th day

of June, 1883, James S. Lough, plaintiff and appellee, by verbal agreement sold to defendant John E. Michael a certain tract of land containing eighty four and thirteen sixteenths acres, situate on the waters of Pawpaw creek, in Marion county, at the price of one thousand nine hundred and eight dollars and twenty five cents, two hundred and eight dollars and twenty five cents, to be paid October 1, 1883, and the balance to be paid in equal annual installments of two hundred dollars each, except the last installment, which was one hundred dollars. The vendor and vendee went at once to W. S. Prickett, who was the county surveyor and a notary public, and got him to draw the deed. Lough, the vendor, and Michael, the vendee, gave Prickett, the draughtsman, the terms of the agreement, the description of the property, the times and amounts of payment of the installments of the purchase-money, and that a lien was to be retained in the deed on the land for the payment thereof. The deed describes the property, the amount of purchase-money, the different installments, and the time of their payment, but does not reserve on the face of it a lien on the land for the payment of the purchase-money.

W. S. Prickett, examined as a witness, says he does not recollect of hearing anything said about inserting a clause retaining a lien ; but Lough and Michael, and A. H. Wells who was also present, all unite in saying that Prickett was at the time directed to insert such clause reserving the lien. When Mr. Prickett had finished drawing the deed he told them it was all right, Lough and his wife signed it ; Prickett, as notary, took their acknowledgment ; Michael signed and delivered the notes for the purchase-money, and Lough delivered him the deed, and it was put on record December 20, 1883.

Lough, in his testimony, says he had no skill or knowledge in such affairs ; that when Prickett told him "it was all right" he executed it, supposing it had the effect to retain the lien, and did not know any better until he had the deed examined on that point in 1888, just before bringing his suit to correct the mistake. Under the Kentucky statute I suppose it would have been a sufficient reservation of the lien, as it expressly stated what part of the considera-

tion remained unpaid (see *Pack* v. *Carder*, 4 Bush 121–125, citing section 26, c. 80, Rev. St.; 2 Stant. Dig. 230) and may have been thought sufficient by the draughtsman in this case. At any rate he had no motive to leave it out, and the omission must have been by some mistake of law or fact on his part.

It is clearly shown, I think, that the parties intended that a lien should be reserved for the payment of the purchase-money on the face of the conveyance, and that by reason of some mistake on the part of the draughtsman this was not done, and that the deed to that extent did not effect what the parties intended. A court of equity has the power to correct such mistakes, making it such as the parties intended, or in some way effecting their intention. *Alexander* v. *Newton*, 2 Gratt. 266 ; *Perkins* v. *Dickinson*, 3 Gratt. 335 ; Wat. Spec. Perf. §§ 369, 371 ; *Stone* v. *Hale*, 17 Ala. 557 ; *Mattingly* v. *Speak*, 4 Bush 316 ; *Young* v. *Miller*, 10 Ohio, 85 ; *Worley* v. *Tuggle*, 4 Bush 168.

Conceding the right of the plaintiff, Lough, as against his vendee Michael, to have the mistake corrected by reforming the deed so as to make it reserve a lien for the purchase-money, the question remains, how is this to affect the appellants? Shall a loss thus fall on them, who are innocent of any fault, or upon plaintiff, James S. Lough, as upon one whose negligence may to some extent be regarded as the cause of the mistake?

This deed from James S. Lough to John E. Michael was made on the 15th day of June, 1883, and was admitted to record on December 20, 1883. It retained no lien for the purchase-money. Michael was in possession as the owner in fee. He had no other property to give him credit. It is fair to presume that these appellants gave him credit on the faith of such ownership, and they had the right to deal with him as the owner of this tract of land as unincumbered by any lien for the purchase-money, because they saw the deed on record, which, on its face, showed that there was no such lien.

The debt due appellant Perry Lough was a promissory note for three hundred dollars, dated July 2, 1888. John E. Michael and wife, by deed of trust dated October 16,

1888, conveyed the land in question to Levi M. Lough, in trust to secure the payment of this note of three hundred dollars, which was acknowledged at date, and duly admitted to record October 25, 1888. Plaintiff, James S. Lough, brought his suit against defendant Michael alone some time in October or November, 1888, but did not file his amended bill against these appellants until January, 1889. It is true that in that amended bill the allegation is made that when Michael gave Perry Lough the deed of trust he told him that the purchase-money was not all paid; that a lien had been retained for its payment, and that he agreed to take it subject to such lien, which would have been the effect of the transaction whether he agreed to it or not, if what Michael told him had been true; but an examination of the recorded deed showed him that there was no such lien, and that Michael was mistaken.

The evidence shows that the debts now represented by the judgments owned by appellant Daniel R. Tennant were created on the faith of Michael being the owner of the tract of land in question; also the debt represented by the judgment in favor of appellant Columbus Brown, confessed February 26, 1889. The judgment in favor of appellant Morgan Billingsley was confessed on the 7th day of November, 1888, before the plaintiff's amended bill making him a party defendant.

In reforming the conveyance and inserting in it a reservation of a lien for the purchase-money it should not be done to the injury of innocent third parties. To do so would frustrate the purpose of the statute, and bring about the evil it was intended to prevent. So, also, it would be in violation of the principle that, where one of two must suffer loss, it should be made to fall on the one whose conduct had made the loss necessary. For these reasons we are of opinion that the liens of appellants, in their proper order, should be given priority over the lien for the unpaid purchase-money.

Commissioner Charlton states in his report that there is pending in the Circuit Court of Marion county a chancery suit in the name of defendant Daniel R. Tennant against John E. Michael, in which an order of attachment dated

Novembr 5, 1888, for the sum of four hundred and forty six dollars and twenty seven cents, was issued by the clerk, and was on the same day levied on the said real estate; that, if a decree should be rendered by the court upon the said attachment, the same will be a lien on the said real estate after the deed of trust, and prior to all the others mentioned in his report. The Circuit Court, in its decree of July term, 1892—the one complained of—directed the land in controversy to be sold, and ascertained and fixed the priority of all the liens except the lien by attachment, if any, of Daniel R. Tennant, fixing the place of the attachment-lien, should it be allowed; and the court, referring to chancery cause of Tennant against Michael says: "But said suit, still pending and being litigated and undetermined, the court at this time makes no disposition of the question as to whether or not the same is a lien on said land, but will, if necessary, hereafter decree as to the same when said suit is ready for hearing and determination, either by consolidating the said suit with this suit for that purpose, or by referring this cause again to a commissioner, or in some other proper way."

This action of the court in reserving the decision of Tennant's suit, and decreeing the land to be sold, without first ascertaining all the liens against it, is also assigned by appellants as error. It is plainly the purpose of our present law to give purchasers at judicial sales good titles as far as may be, especially that the lands shall be free from incumbrance. To this end, section 7, c. 139, of the Code, requires the lien-holders to be convened; and if convened, it is, of course, for the purpose of ascertaining the amounts and priorities of their liens, so that the amount to be raised by sale may be known, and how much and in what order the proceeds will be going to the lien-holders. There may be cases where this course is to some extent properly departed from, but such cases are exceptional, and the reasons for them ought to clearly appear.

On the hearing at July term, 1892, the papers in the chancery cause of D. R. Tennant against John E. Michael were read, but they are not made part of this record, so that this Court can form no opinion about that case, except

the fact that it was not deemed ready for a hearing. The debt as claimed is relatively an important one, being reported by the commissioner as amounting, on November 24, 1891, to five hundred and twenty eight dollars, and, as far as this record shows, ought to be determined one way or the other before the land is put up for sale. If there is any good reason why this can not be done, or why the sale should be made with this claim left outstanding and undetermined, it does not appear.

For these reasons the decree of July term, 1891, is reversed, and the cause remanded for further proceedings.

---

BRANNON, JUDGE:

I do not concur in that part of the decision in this case giving preference to the judgment over the plaintiff's claim for purchase-money.

I do agree that the deed of trust creditor has preference, beause he is, in the eyes of the law, a purchaser, not simply a creditor, and having no notice of the right of the plaintiff, a mere equity, he is protected under that settled principle of equity, that it will not deprive a purchaser for valuable consideration, without notice, of his legal advantage. 1 Story. Eq. § 64c.

Where mere equities are equal, that prior in time prevails; but if the junior claimant have legal advantage or superior equity, he prevails. (Opinion *Cox* v. *Romine*, 9 Gratt. 29).

Here the deed of trust, though later in time than the plaintiff's claim, has legal title and preference.

But the judgment-creditor does not stand on so high a plane. He is only a general lien-creditor, not a purchaser. In *Snyder* v. *Martin*, 17 W. Va. 276, this Court laid down the principle that : "When statute enactments do not interfere, a judgment-creditor can acquire no better right to the estate of the debtor than the debtor himself had when the judgment was recovered. He takes it subject to every liability under which the debtor held it, and subject to all equities which exist in favor of third parties ; and a court

of equity will limit the lien of a judgment to the actual interest which the debtor has in the estate."

I call special attention to Judge Green's opinion in that case. He says that the judgment must yield to prior vendor's liens, or specific liens of any kind or prior equities of any description. That case follows *Shipe, Cloud & Co.* v. *Repass, Floyd, trustee* v. *Harding,* and *Borst* v. *Nalle,* 28 Gratt. 716, 401, 423. I understand this to be the received law everywhere. 2 Freeman on Judgt. says: "The judgment-lien is a lien only on the interest of the judgment-debtor, whatever that may be. Therefore, though he appears to have an interest, yet, if he has none in fact, no lien can attach. The rights of the lien-owners can not exceed those which might be acquired by a purchaser from the defendant with full notice of all existing legal or equitable rights of third persons." Tested by the last clause just quoted, certainly the equity to assert the purchase-money would be good over any one purchasing the land with notice of said equity. See also 2 Freem. Judgt. § 356; 1 Black. Judgt. § 445; note to *Filley* v. *Duncan,* 93 Am. Dec. 346.

The vendor's implied lien for purchase-money prior to its abolition by the Code of 1849 would take precedence over a judgment against the purchaser. 1 Lomax, Dig. 219. The right of the vendor in this case likens itself to that. Neither the vendor nor judgment-creditor has legal estate, and the vendor is prior.

But it is said this is so only outside of a statute, and that a statute requires the lien to be reserved in the deed. So it does. If intentionally omitted, of course the judgment has preference; but where it is omitted by mistake, the equity is based on the mistake; the right is to have the deed reformed and made to do what was intended; that is the equity vested in the vendor; that is the equity subject to which the judgment-creditor takes his judgment; that is the equity which was good against the vendee when judgment went against him, and which bound his estate; and as it was good against him, it is good against the judgment; for the statute contained no words destructive of his right. This case is decided at the close of the term, giving me little opportunity to closely investigate the ques-

tion; nor is it necessary, as the majority are decided in opinion; but from the short investigation I have made I doubt the feature of the decision above indicated.

Reversed.   Remanded.