399 S.E.2d 54

**Nelson SEMLER & Esther Semler**

v.

**John L. HARTLEY & Annie J. Hartley.**

**No. 19505.**

Supreme Court of Appeals of West Virginia.

Nov. 9, 1990.

Cinda L. Scales, Michael L. Scales, Askin, Pill, Scales & Burke, L.C., Martinsburg, for Nelson and Esther Semler.

William Douglas Taylor, Martin & Seibert, Martinsburg, for John L. Hartley, Annie J. Hartley.

PER CURIAM:

This is an appeal by Nelson L. Semler and Esther I. Semler, his wife, from an order of the Circuit Court of Berkeley County dated April 19, 1989. The court held that the appellants owned a right-of-way over a parcel of real estate owned by John L. Hartley and Annie J. Hartley, the appellees. The court further ruled, however, that the Hartleys were entitled to maintain an eleven-and-one-half-foot-wide gate across the right-of-way and that the

appellants were, in effect, entitled to use less than thirty feet of the right-of-way.

On appeal, the appellants claim that their grantor had expressly given them a thirty-foot right-of-way and that the court erred in declaring that they were entitled to less than thirty feet. They also claim that, in view of the express grant, the court erred in ruling that the Hartleys were entitled to maintain an eleven-and-one-half-foot-wide gate across the right-of-way.

In reaching the ultimate conclusion, the trial court took extrinsic evidence on the intentions of the parties in making the grants contained in prior deeds and, in effect, reformed those deeds. On appeal, the appellants claim that there was no ambiguity in the deeds and that they were *bona fide* purchasers for value of the property without notice and that under the circumstances the trial court erred in granting reformation. After reviewing the record, this Court agrees and reverses the decision of the Circuit Court of Berkeley County.

This controversy grows out of a transaction which occurred in November, 1972. At that time, John L. Hartley and Annie J. Hartley, the appellees, conveyed a corner of their farm to their daughter, Mary H. Shade, and their son-in-law, George H. Shade. The deed effectuating the conveyance expressly indicated that the Shades were being granted use of a thirty-foot-wide right-of-way.[1]

The Shades were subsequently divorced, and following transfer of George H. Shade's interest to her, Mary H. Shade conveyed the property to the appellants. In the deed to the appellants dated November 5, 1986, Mary H. Shade again referred to the thirty-foot right-of-way which had been granted to her by her parents.[2]

---

1. The deed stated that the Shades were being granted a parcel of land described by metes and bounds. The metes and bounds description contained the following language:
   ... thence leaving Route 9 N. 30°49′ E. 319.10 ft. to a s.b. in the south boundary of a 30 ft. right-of-way leading to Shade and Hartley residences from 50 ft. right-of-way to Neilland Park and corner to Hartley and other land of Hartley 30 ft. right-of-way for use of Shade and Hartley and other land of Hartley, ...

A plat attached to the deed clearly showed the right-of-way.

2. The deed to the appellants referred to "... a 30–foot right of way for the use of Shade and Hartley ..." and indicated that the "property was the same property conveyed to George H. Shade and Mary H. Shade, husband and wife, by deed dated November 28, 1972 ..."

After the appellants purchased the property, the Hartleys obstructed the right-of-way by erecting a wire cable across it. As a consequence, on July 9, 1987, the appellants filed suit against the Hartleys and prayed that the Hartleys be enjoined to remove all barriers which prevented the appellants' use of the right-of-way and that they be enjoined from interfering with the appellants' use of the right-of-way in the future.

Following the filing of the pleadings in the case, the appellants submitted documentation showing that they had received an unequivocal express grant of a thirty-foot right-of-way.

In spite of the fact that the appellants had shown that they had received an unequivocal express grant, the trial court took testimony to determine the intent of the Hartleys at the time of the November 28, 1972, grant. The Hartleys adduced evidence showing that they intended to grant the right-of-way to their daughter to relieve her of the immediate expense of constructing a new separate driveway to the parcel of property which they were granting to her. Subsequently, the Hartleys' daughter and her husband constructed the new driveway. They also adduced evidence showing that there had been a gate across the entrance of the driveway at the time of the 1972 grant.

At the conclusion of the trial, the circuit court ruled that even though there was an express grant of a thirty-foot right-of-way, that grant did not obligate the servient estate to provide a right of passage of the full thirty feet in width. The court also found that the eleven-and-one-half-foot gate across the entrance to the right-of-way was not unduly burdensome, since the gate allowed the use of the right-of-way as originally intended in its creation. The court found that the original creation of the right-of-way contemplated the maintenance of a gate in order to confine livestock.

As previously indicated, the appellants, on appeal, claim that the court's reformation was improper in view of the fact that they were *bona fide* purchasers for value

of the property. They also claim that the trial court erred in admitting extrinsic evidence to ascertain the extent of their rights.

■ In syllabus point 2 of *Johnston v. Terry*, 128 W.Va. 94, 36 S.E.2d 489 (1946), this Court stated that:

Reformation of a deed or other writing by a court of equity on the ground of a mutual mistake of the parties, or a mistake of the scrivener, will not be decreed where to do so would prejudice the right of an innocent purchaser for value of the property covered by the deed sought to be reformed.

*See also Myers v. Stickley*, 180 W.Va. 124, 375 S.E.2d 595 (1988); *Stickley v. Thorn*, 87 W.Va. 673, 106 S.E. 240 (1921); *Lough v. Michael*, 37 W.Va. 679, 17 S.E. 181 (1893).

■ The Court has also indicated that the rule relating to the construction of grants of easements is the same as the rule which governs the construction of other writings. That rule provides that the rights of parties must be ascertained from the words of the grant so long as the words are unambiguous. *See, e.g., Jenkins v. Johnson*, 181 W.Va. 281, 382 S.E.2d 334 (1989); *Hoffman v. Smith*, 172 W.Va. 698, 310 S.E.2d 216 (1983); *Collins v. Degler*, 74 W.Va. 455, 82 S.E. 265 (1914).

■ In the case presently before the Court, the appellants purchased the real estate over which the easement in question ran by deed dated November 5, 1986. They paid $82,000 for the property, and the deed which they received specifically and expressly indicated that they were being granted the same property granted to George H. Shade and Mary H. Shade by deed dated November 28, 1972. The deed also expressly made reference to a thirty-foot right-of-way.

This Court believes that a close examination of the documents in the appellants' chain of title unequivocally refers to a grant of a thirty-foot right-of-way. There is no ambiguity in the records as to the width of that right-of-way.

In the absence of ambiguity, under the cases cited, this Court believes it was inappropriate for the trial court to consider extrinsic evidence in determining the rights of the appellants. The Court was bound to ascertain those rights from the words of the grant. Additionally, since the appellants were *bona fide* purchasers for value, the court's action in reforming the deed was inappropriate since the court's action prejudiced the rights of the appellants as those rights were unambiguously set forth in the documents in the appellants' chain of title. The court's action was, in effect, in violation of the rule set forth in syllabus point 2 of *Johnston v. Terry, supra.* Consequently, this Court concludes that the trial court committed reversible error in reforming the deed and in ruling that the appellants did not have a full thirty-foot right-of-way. The Court also believes that the allowance of a gate less than the full width of the right-of-way, in effect, restricted the appellants' use of their full thirty-foot right-of-way and was improper.

For the reasons stated, the judgment of the Circuit Court of Berkeley County is reversed and this case is remanded with directions that the appellants have a full thirty-foot right-of-way across the appellees' property as shown on the plat attached to the deed between John L. Hartley and Annie J. Hartley dated November 28, 1972, and recorded in Deed Book No. 264, at page 653, of the Berkeley County records. In addition, on remand the trial court should ensure that the appellants' use of the right-of-way not be restricted by the construction of a gate less than thirty feet wide across the right-of-way.

Reversed and remanded with directions.