600 S.E.2d 177

David R. FARLEY and Janeth B. Farley,
Plaintiffs Below, Appellants,

v.

Elizabeth H. FARLEY and Robin
L. Farley, Defendants Below,
Appellees.

No. 31567.

Supreme Court of Appeals of West Virginia.

Submitted: Feb. 25, 2004.

Filed: June 2, 2004.

J.W. Feuchtenberger, Esq., Princeton, for Appellants.

William S. Winfrey, II, Esq., Princeton, for Appellees.

## PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Mercer County entered November 8, 2002. In that order, the circuit court settled a dispute between the appellants and plaintiffs below, David R. Farley and Janeth B. Farley, and the appellees and defendants below, Elizabeth H. Farley and Robin L. Farley, with regard to an easement that provides access by way of a fifty-foot right-of-way to the appellants' 2.03 acre residential tract as well as access to their 8.9 acre development tract. The circuit court's order authorized the appellants to widen and develop the roadway at their cost, but reduced their planned development of sixteen townhouses to ten. The circuit court found that the appellees' long-term use of the right-of-way as a part of their yard afforded them some voice in how the road was built and how the appellants' 8.9 acres would be developed so that it would not burden the existing right-of-way. The circuit court also retained jurisdiction to later review engineering plans on the appellants' road widening.

In this appeal, the appellants contend that the circuit court erred in limiting their development to ten townhouses instead of permitting their planned sixteen. Conversely, the appellees argue that the deed relied on by the appellants granted them an easement limited to residential family use. After reviewing the facts of the case, the issues presented, and the relevant statutory and case law, we reverse the decision of the circuit court.

## I.

### FACTS

David and Janeth Farley, the appellants (husband and wife), and the appellees, Elizabeth and Robin Farley (mother and daughter), are neighbors and relatives who own separate, but adjoining, properties. This case involves a right-of-way that is located on the property of the appellees. The appellants argue that the appellees have denied them access to one of two tracts of their land which they plan to develop.

On September 21, 1979, the appellants purchased a 2.03 acre residential tract upon which their home is located. On August 6, 1997, they also procured an adjoining 8.9 acre tract where they now plan to build a townhouse development. To access both properties, the appellants have used two adjoining rights-of-ways that cross the appellees property, one forty feet wide and the other fifty feet wide. On September 20, 1979, the right-of-way in dispute, the fifty-foot right-of-way, was granted to the appellants by a separate deed from the appellees' predecessor-in-title. The September 20, 1979 deed granting the right-of-way for the 2.03 acre tract says it is to be "used for the general purposes of the [appellants] as they see fit." The deed for the 8.9 acre tract notes that the appellants are to enjoy and have access, ingress, egress over this same right-of way. Currently, only eight feet of the right-of-way is paved while the remainder is used by one of the appellees as a part of her lawn.

Initially, the appellants advised the appellees of their intention to widen the right-of-way from eight to eighteen feet and to upgrade the ditching and drainage, at their own expense. The appellees, however, who purchased their land on August 1, 1996, objected to the appellants' plans and argued that the appellants did not have access to the 8.9 acre

tract across the right-of-way except for uses associated with single family residential use of the appellants' 2.03 acre tract.

On September 21, 2001, the appellants filed a complaint for declaratory judgment in order to affirm their rights to utilize and widen the existing right-of-way to accommodate the townhouse units they planned to build on the 8.9 acre tract. The appellants' appeal rests on the November 8, 2002 order of the Circuit Court of Mercer County that allows them to widen and develop the roadway at their cost, but orders that they reduce their planned development of sixteen townhouses to ten townhouse units. The circuit court also found that the appellees' long-term use of the right-of-way property provided them some say in how the road was built and how the appellants' 8.9 acres would be developed so that it would not burden the existing right-of-way. The circuit court then retained jurisdiction to later review engineering plans on the appellants' road widening.

## II.

### STANDARD OF REVIEW

■ In this case, the appellants appeal the circuit court's final order limiting their construction to ten townhouses instead of their planned sixteen. In Syllabus Point 3 of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), this Court noted: " 'A circuit court's entry of a declaratory judgment is reviewed *de novo.*' Syllabus Point 1, *Painter v. Coleman*, 211 W.Va. 451, 566 S.E.2d 588 (2002)." More specifically, this Court, in *Cox*, stated that "because the purpose of a declaratory judgment action is to resolve legal questions, a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*; however, any determinations of fact made by the circuit court in reaching its

ultimate resolution are reviewed pursuant to a clearly erroneous standard." 195 W.Va. at 612, 466 S.E.2d at 463. *See also Stull v. Firemen's Pension and Relief Fund,* 202 W.Va. 440, 444, 504 S.E.2d 903, 907 (1998). With these principles in mind, we now consider the parties' arguments.

## III.

### DISCUSSION

The principal issue confronting us is whether the circuit court correctly construed the relevant deeds in the appellants' chain of title in order to reach its conclusions regarding the limitation on the appellants' proposed construction of townhouses. By a deed dated September 21, 1979, the appellants purchased a 2.03 acre parcel of real estate to which an easement was attached providing access to such land through the appellees' property. A separate deed dated September 20, 1979 specifically and expressly indicated that the appellants were being granted the right-of-way in question "to be used for the general purposes of the parties of the second part as they see fit."

The appellants maintain that given the reservation of easements contained within their deed they have a clear right to access and develop their land pursuant to such easement therein established which includes their adjoining 8.9 acre tract. They further contend that the controlling deed is the September 20, 1979 deed and note that each time conveyances of land occurred between members of their extended family, that the reservation of and authority to use this right-of-way is carefully mentioned. As such, the appellants believe that the circuit court erred in limiting their development to ten townhouses instead of allowing their planned sixteen townhouses.[1]

---

1. The appellants further contend that the circuit court erred in finding that the appellees made sufficient use of portions of the right-of-way not actually occupied for driveway purposes to give them "some interest in their usage of those portions of those rights of way not used for access to [appellants'] tract." The appellants state that even though the circuit court did not use the term adverse possession, in effect, that was the result of his ruling. We do not believe that the circuit court intended to create a prescriptive

easement in favor of the appellees'. This Court has explained the prerequisites of a prescriptive easement as follows in Syllabus Point 2 of *Post v. Wallace,* 119 W.Va. 132, 192 S.E. 112 (1937):

The open, continuous and uninterrupted use of a road over the lands of another, under bona fide claim of right, and without objection from the owner, for a period of ten years, creates in the user of such road a right by prescription to the continued use thereof.

Conversely, the appellees, who in 1996 purchased the land burdened by the fifty-foot right-of-way, contend that the appellants were only granted a right-of-way across their property for the limited purpose of access to their 2.03 acre parcel of land for residential purposes. Moreover, the appellees' August 1, 1996 deed provides "[t]here is excepted and reserved from the operation of this conveyance a 50–feet [sic] right of way shown upon said Map for access to the David Farley 2.03–acre tract (Parcel No. 2)." The appellees believe that their 1996 deed restricts the appellants' access to only his 2.03 acre tract and prohibits such use to provide access to the appellants' 8.9 acre tract by third parties. They further believe that the wording in the deed of conveyance for the fifty-foot right-of-way is specific and unambiguous.

■ We have held that "[t]he burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof." Syllabus Point 1, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976). We have also explained that "[a]n easement may be defined as the right one person has to use the lands of another for a specific purpose...." *Kelly v. Rainelle Coal Co.*, 135 W.Va. 594, 604, 64 S.E.2d 606, 613 (1951), overruled in part on other grounds by *Kimball v. Walden*, 171 W.Va. 579, 301 S.E.2d 210 (1983). *See also* Restatement (Third) of Property § 1.2(1)(2000)("[a]n easement creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement.").

■ Furthermore, we have held that the rule governing the construction of other writings is the same as the rule relating to the construction of grants of easements; that rule provides that the rights of parties must be ascertained from the words of the grant so long as the words are unambiguous. *See, e.g., Semler v. Hartley*, 184 W.Va. 24, 399 S.E.2d 54 (1990); *Jenkins v. Johnson*, 181 W.Va. 281, 382 S.E.2d 334 (1989); *Hoffman v. Smith*, 172 W.Va. 698, 310 S.E.2d 216 (1983); *Collins v. Degler*, 74 W.Va. 455, 82

S.E. 265 (1914). Moreover, in Syllabus Point 1 of *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962), we explained that "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." In *Sally–Mike Properties v. Yokum*, 175 W.Va. 296, 300, 332 S.E.2d 597, 601 (1985), this Court stated that the "language of the instrument itself, and not surrounding circumstances, is the first and foremost evidence of the parties intent."

■ In the case in point, we believe that a close examination of the documents in the appellants' chain of title unequivocally refers to a grant of the right-of-way. We further believe that the appellants and appellees have incorrectly focused on the wrong deeds to determine the property rights attached to the 8.9 acre tract. To this end, we look to the August 31, 1970 deed where H.L. Belcher and Mary Ruth Belcher sold "19.4 acres, more or less" to M & R Land Corporation. Within that deed is contained a clear right-of-way that provides access to the 19.4 acre tract. On August 6, 1997, the appellants purchased the 8.9 acre tract in question, which was a part of the original 19.4 acre tract owned by M & R Land Corporation. Such deed provides

> The grantees herein are to have and enjoy access, ingress, egress and regress over "Tract C", as shown on the above referenced map, including the benefits of all such roadways, driveways, easements, and upon the ways shall inure to the grantees, their heirs, successors, assigns, etc.

We find that there is no ambiguity in the records as to the fact that the right-of-way in question was in place in 1970 and ran with the land in 1997. As such, the appellants' ownership in the 2.03 acre tract is irrelevant in deciding the rights attached to the 8.9 acre tract. To further explain, if a third party, completely separate from the appellees and appellants, had purchased the 8.9 acre tract, such purchaser would have the unfettered

---

The appellees' partial use of the right-of-way was permissive, not adverse, and was not for a

period of ten years, and thus, falls short of the standard for a claim of a prescriptive right.

use of the right-of-way in question as a part of their individual deed and such rights would not be contingent upon the interest reserved in the neighboring 2.03 acre tract. Thus, since the appellants were successors in the chain of title to the 8.9 acre tract that contained the easement reserving access to their property, their rights are secure.

▮ It is clear to us that the appellants had a right-of-way included in the September 20, 1979 deed when they purchased the 2.03 acre tract of land. It is also established that the appellants' 1997 deed for the 8.9 acre tract contained a solid easement affording access to that land through the same right-of-way. After reviewing all of the deeds of record we were unable to locate any limitations that would restrict the appellants' right to have access to and develop their land in a manner in which they currently desire. As provided by West Virginia Code § 36–1–11 (1923):

> When any real property is conveyed or devised to any person, and no words of limitation are used in the conveyance or devise, such conveyance or devise shall be construed to pass the fee simple, or the whole estate or interest, legal or equitable, which the testator or grantor had power to dispose of, in such real property, unless a contrary intention shall appear in the conveyance or will.

Likewise, we have recognized that when confronted with construing a deed, the intention of the parties making the instrument controls. *See Totten v. Pocahontas Coal & Coke Co.,* 67 W.Va. 639, 642, 68 S.E. 373, 374 (1910). Furthermore, in Syllabus Point 1 of *Maddy v. Maddy,* 87 W.Va. 581, 105 S.E. 803 (1921), we said:

> In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principal of law inconsistent therewith.

*See also,* Syllabus Point 1, *Hoffman v. Smith,* 172 W.Va. 698, 310 S.E.2d 216 (1983) ("Where one acquires an easement over the property of another by an express grant, the use of that easement must be confined to the terms and purposes of the grant."); Syllabus Point 2, *Lowe v. Guyan Eagle Coals, Inc.,* 166 W.Va. 265, 273 S.E.2d 91 (1980)("No use may be made of a right-of-way different from that established at the time of its creation so as to burden the servient estate to a greater extent than was contemplated at the time of the grant.").

In the absence of ambiguity, under the cases cited, this Court believes it was inappropriate for the circuit court to limit the rights of the appellants to develop their 8.9 acre tract of land. The circuit court was bound to ascertain those rights from the words of the grant. We further note that this right-of-way was carefully reserved to insure that access was available to subsequent purchasers of land. Moreover, when the appellees purchased their land in 1996, they had clear and unambiguous notice that a fifty-foot right-of-way was present on their land.

Additionally, the appellees must have known that it would only be a matter of time before there would be an increased utilization of the right-of-way. The right-of-way in question was specifically reserved by their relatives and predecessors in land, M & R Land Corporation, to provide access to all of M & R's properties presumably for the future sale or development of the land. We do not believe that the appellants' expanded usage from eight to eighteen feet of a fifty-foot right-of-way is unreasonable particularly in light of the fact that the only access to the 8.9 acres is through the carefully reserved right-of-way. It is obvious to us that M & R Land Corporation intended to maintain open access to all of the lands in question, and we further believe that the appellants' development of sixteen townhouses on their property does not create an unreasonable burden on the appellees. For the reasons stated, the judgment of the Circuit Court of Mercer County is reversed, and this case is remanded for entry of an order providing that the appellants shall have access consistent with this opinion to the proscribed right-of-way across the appellees' property.

## IV.

### CONCLUSION

Accordingly, we hereby reverse the November 8, 2002 final order of the Circuit Court of Mercer County, through which the limitation on the size of the proposed development was made, and remand the matter for further proceedings consistent with this opinion.

Reversed and remanded.