# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**April 7, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY HABERKAM
and CYNTHIA BERKEMEIER,
Defendants Below, Petitioners**

**v.) No. 25-ICA-359**    (Cir. Ct. of Morgan Cnty. Case No. CC-33-2024-C-58)

**MICHAEL CARLETON,
Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Timothy Haberkam and Cynthia Berkemeier appeal the Circuit Court of Morgan County's August 11, 2025, order granting Respondent Michael Carleton's motion for summary judgment. In its order, the circuit court determined that Mr. Carleton held an express easement granting him a right of way across petitioners' property. The court's order also entered an injunction prohibiting petitioners from interfering with Mr. Carleton's access thereto. Mr. Carleton filed a response.[1] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this right of way dispute, the relevant facts are as follows. Mr. Carleton purchased his property on July 22, 2016 ("Carleton Property"), and petitioners purchased their property on December 19, 2019 ("Haberkam Property"). According to Mr. Carleton, since August of 2021, petitioners have been obstructing or blocking his access to his deeded right of way through various means. According to the record, this included the following conduct by petitioners: the use of tree stumps, brush, and other debris to block Mr. Carleton's access, as well as sending Mr. Carleton threatening letters and contacting law enforcement to make false trespassing claims against him.

Mr. Carleton filed a complaint for declaratory judgment on October 15, 2024, seeking a declaration that he held an express right of way and a permanent injunction to prohibit petitioners from interfering with his use and enjoyment of the right of way.

---

[1] Petitioners are self-represented. Mr. Carleton is represented by Richard G. Gay, Esq.

1

Mr. Carleton filed his motion for summary judgment on June 26, 2025. Petitioners filed a combined amended motion to dismiss and response in opposition to summary judgment on July 3, 2025. Mr. Carleton filed a reply on July 8, 2025. Thereafter, the circuit court determined that the matter was ripe for ruling and entered its order granting Mr. Carleton summary judgment and injunctive relief. In its order, the circuit court made the following observations regarding the chains of title for the respective properties:

**Carleton Property:**

By deed dated October 10, 1975, Charles E. Salmon and Lillian Viola Salmon conveyed approximately 84 acres to Coolfont Development Company ("Coolfont Deed") along with the following right of way:

> Together with that right of way named in the description of Parcel No. 1 in the deed from Renzie G. Spriggs to Charles E. Salmon, the grantor herein, as recorded in Deed Book 53, Page 370, and more particularly described as follows[.]
>
> ***
>
> And together with the use of an existing right of way, said right of way existing along both sides of the following described centerline:
>
> Beginning at a point at the end of 361.38 ft. on the first line of the land to be conveyed herein, said point being in the west line of lands of Winifred Kilby as recorded in Deed Book 68, page 331, and running thence across the lands of said Winifred Kilby S. 48° 28' 10" E 23.91 ft. to a point in the center of the existing lane and thence S 75° 01' 20" E 258.17 ft. to a point in the line of Nora E. Keel as recorded in Deed Book 72, page 507, and running thence across said land of Nora E. Keel S 75° 01' 20" E 60.83 ft. to a point, thence with the centerline S 78° 30' 50" E 138.66 ft. to a point, thence with the centerline N 85° 35' 00" E 124.00 ft. to a point, thence with the centerline S 82° 32'50" E 7.62 ft. to a point in the line of Ruth Hartwick as recorded in Deed Book 63, page 278 and running thence across said land of Ruth Hartwick S 82° 32" 50" ft. to appoint, thence with the centerline S 64° 15' 50" E 278.32 ft. to the center of West Virginia Secondary road 9/10.

On July 22, 2016, Michael Carleton purchased the Carleton Property from Berkeley Springs Development LLC ("Carleton Deed"). The Carleton Property consists of approximately forty-four acres, which was part of same property previously conveyed under the Coolfont Deed. The Carleton Deed reserves the same right of way as the Coolfont Deed, using verbatim language. With respect to this case, the circuit court found that the subject right of way begins at Mr. Carleton's property and extends across the Haberkam

2

Property (formerly the Winifred Kilby property) to state secondary road CR 9/10, which is known as Cold Run Valley Road. The circuit court observed that this was further reflected by the July 11, 2024, recorded survey of Mr. Carleton's Property performed by professional surveyor Cynthia A. Born ("Surveyor Born"). The circuit court further noted that according to Surveyor Born, a portion of the subject right of way is described by deed as having a width not to exceed twenty feet. Surveyor Born also observed that the average width of the right of way's traveled surface is sixteen feet.

**Haberkam Property:**

By deed dated August 17, 1981, Winifred Kilby and Robert E. Kilby conveyed to Judith K. Kaplan ("Kaplan Deed") a 3.09-acre tract. Attached to the Kaplan Deed was the Resurvey Plat of Winifred Kilby, Plat No. 81078, which references the Coolfont Deed and depicts the existence and location of the subject right of way. The circuit court included a copy of the plat in its order.

By deed dated March 12, 2004, Kevin O'Neill and Gladden P. O'Neill purchased from Max Zweig and Sheri Zweig ("O'Neill Deed") the same 3.09-acre property previously transferred by the Kaplan Deed. The O'Neill Deed refers to the subject right of way, and states in pertinent part:

> Excepting, however, a right of way of no specific width, mentioned in that deed conveying a tract of land, lying to the west of the herein described 3.09 acre tract, to Coolfont Development Company, a West Virginia corporation, from Charles E. Salmon and Lillian Viola Salmon, husband and wife, dated October 10, 1975 and recorded in the aforesaid Clerk's Office in Deed Book 93, Page 118. Said right of way lies along the following described center line: Beginning at a point in the last line of the herein[ ]described 3.09 acre tract, which point lies 33º 40'W, 361.4 feet from the Point of Beginning of said 3.09 acre tract; thence, extending across said 3.09 acre tract, S 47º 18' E, 23.9 feet; thence, S 73º 51' E, to the east, or third line of said 3.09 acre tract.

On December 19, 2019, petitioners purchased the Haberkam Property from Kevin J. O'Neill and Gladden P. O'Neill ("Haberkam Deed"). It is the same 3.09-acre property that was formerly owned by Winifred Kilby and referenced in the Carleton Deed. The Haberkam Deed states that Parcel Number One (1.5 acres) and Parcel Number Two (1.586 acres) are subject to the Coolfont's deeded right of way and provides as follows:

> Subject to a right of way of no specific width, mentioned in that deed conveying a tract of land, lying to the west of the herein described 1.5[-]acre tract, to Coolfont Development Company, a West Virginia corporation, from Charles E. Salmon and Lillian Viola Salmon, dated October 10, 1975 and recorded in the Office of the Clerk of the County Commission of Morgan

3

County, West Virginia, in Deed Book 93 at Page 118 which right of way is centered on the second, or "N. 74º 54' 15" W" line of the herein described 1.5[-]acre tract.

And, together with that non-exclusive right of way to Route 9/10 which was conveyed to Max Zweig and Sheri Zweig by Nora E. Keel by deed dated March 5, 2004 and recorded in the aforesaid Office in Deed Book 207 at page 780.

Additionally, the Haberkam Deed references the April 21, 2006, Berkeley Land Surveyor Plat No. 2006 072, which is entitled A Division of the Land of Kevin J. O'Neill and Gladden P. O'Neill. The plat shows that the subject right of way runs from the Carleton Property and across the Haberkam Property to Cold Run Valley Road. According to the plat, the right of way is a "non-exclusive [right of way] not to exceed 20' in width to [Cold Run Valley Road]." The circuit court included a copy of the plat in its order.

Mr. Carleton's motion for summary judgment also included the affidavit of Charles William Harmison, which contained his title report and opinion on the Carleton and Haberkam properties. According to the affidavit, Mr. Harmison is a licensed West Virginia attorney who has practiced law for over fifty years and performed thousands of title examinations. In his report, Mr. Harmison stated that based upon his title examination, the chains of title for the Carleton Property and Haberkam Property clearly reference Mr. Carleton's deeded right of way, which grants him ingress and egress from his property to Cold Run Valley Road through the Haberkam Property. Specifically, Mr. Harmison found that the Haberkam Deed expressly excepted the right of way, and the Carleton Deed expressly grants the right of way. Mr. Harmison also opined that without the right of way, the Carleton Property would be landlocked.

Based upon the record, the circuit court determined that there was no genuine issue of material fact regarding the existence or location of the subject right of way. The court found that the deeds of record within Mr. Carleton's and petitioners' chains of title plainly set forth that Mr. Carleton held an express easement for a right of way across the Haberkam Property in satisfaction of the requirements of West Virginia Code § 36-3-5a (2013).[2] In

---

[2] As it relates to this appeal, we observe that West Virginia Code § 36-3-5a(a) states:

Any deed or instrument that initially grants or reserves an easement or right-of-way shall describe the easement or right-of-way by any of the following: (1) Metes and bounds; (2) Specification of centerline: Provided, That any deed or instrument, executed on or after September 1, 2013, that initially grants or reserves an easement or right-of-way using the centerline method must also include the width; (3) Station and offset; or (4) Reference to an

4

support, the court noted that right of way has existed since the Coolfont Deed was executed in 1975 and it has continued to be incorporated in subsequent conveyances within the parties' chains of title. The court found that the right of way's existence and location was further corroborated by the opinions of Surveyor Born and Mr. Harmison. Next, the circuit court determined that based upon Surveyor Born's assessment, the right of way across the Haberkam Property is twenty feet wide with an average drivable surface width of sixteen feet.

Next, the circuit court rejected the trespass and abandonment claims asserted by petitioners in their answer to the complaint. Here, the court found there was no viable trespass claim because of the express easement, which by its very design, "authorizes a trespass." *Quintain v. Columbia Nat. Res.*, 210 W. Va. 128, 136, 556 S.E.2d 95, 103 (2001). Further, an express easement "obligates the possessor not to interfere with the uses authorized by the easement." *Farley v. Farley*, 215 W. Va. 465, 468, 600 S.E.2d 177, 180 (2004) (quoting Restatement (Third) of Property § 1.2(1) (2000)). Similarly, the court found no merit in petitioners' argument that Mr. Carleton had abandoned the right of way because of non-use and existing physical obstructions. On this issue, the court explicitly noted that every impediment to Mr. Carleton's use of the right of way were caused by the deliberate actions of petitioners with the intent to displace Mr. Carleton's access to his property through the right of way. The circuit court further observed that an express easement cannot be extinguished by any duration of non-use. *See Orlandi v. Miller*, 192 W. Va. 144, 149, 451 S.E.2d 445, 450 (1994).[3] As such, the court concluded that petitioners could not carry their burden of establishing that Mr. Carleton abandoned his express easement.

Thereafter, the court found that petitioners failed to create a genuine issue of material fact regarding Mr. Carleton's easement and right of way, and as a result, they

---

attached drawing or plat which may not require a survey or instrument based on the use of the global positioning system which may not require a survey.

[3] The *Orlandi* decision states:

There is law in this State that an existing right-of-way is not defeated by mere non-use. *Wooldridge v. Coughlin*, 46 W. Va. 345, 33 S.E. 233 (1899). Additionally, as late as 1988, the Court indicated that while easements created equitably may be extinguished by acts including abandonment, easements by grant, such as the easement claimed in the present case, may not. *See* note 5 of *Lyons v. Lyons*, 179 W. Va. 712, 371 S.E.2d 640 (1988), which cites *Moyer v. Martin*, 101 W. Va. 19, 131 S.E. 859 (1926).

*Id.* (citation modified).

5

could not meet their burden to overcome Mr. Carleton's motion for summary judgment. The circuit court's order also contained certain findings regarding petitioners' intended actions to block Mr. Carleton's lawful access to his right of way. As a result, the court entered a mandatory and permanent injunction prohibiting petitioners from further interference and directed them immediately to remove all obstructions upon the right of way. Lastly, the court noted that Mr. Carleton could file an appropriate motion for an award of his reasonable costs and attorney's fees and that the court "may" consider the same. This appeal followed.

As a preliminary matter, we observe that petitioners raise eight assignments of error. Because many of the alleged errors are interrelated, we find it appropriate to consolidate and restate those arguments for the purposes of this appeal. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). Restated, the issues on appeal are whether the circuit court erred by (1) granting Mr. Carleton summary judgment and (2) imposing a permanent injunction. We will address these issues separately.

We first address the circuit court's summary judgment determination that Mr. Carleton holds an express easement for a right of way through the Haberkam Property. It is well established that our standard of review for this issue is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "a motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Id.* at 190, 451 S.E.2d at 756, syl. pt. 2. (citation modified). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). "The party opposing summary judgment must satisfy the burden of proof by offering more than a mere scintilla of evidence and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Id.* at 60, 459 S.E.2d at 337 (citation modified).

On appeal, petitioners offer several arguments to challenge the circuit court's summary judgment ruling. However, as detailed below, we find that each of these arguments fail to establish error.

First, petitioners argue that the circuit court's summary judgment ruling was premature because it was issued prior to the scheduled pre-trial hearing date of September 4, 2025, and the close of the evidentiary record. As a result, petitioners assert that the circuit court denied them the opportunity to present all their evidence in violation of their due process rights. We find no merit in this argument.

In petitioners' brief to this Court, they merely offer a short conclusory statement in support of this argument without citation to the record or accompanying analysis to support their position. For example, while we presume that the deadlines referenced by petitioners were included in the court's scheduling order, no order reflecting those deadlines was included as part of the appendix on appeal, and if it was, petitioners have failed to cite to the record to alert the Court to its existence. Also, petitioners do not refute that prior to the circuit court's decision, they filed a response opposing Mr. Carleton's motion for summary judgment and they do not cite any precedent to support their contention that a court lacks the authority to rule upon a motion for summary judgment once the parties have filed briefs arguing their positions on the matter. *Contra* W. Va. R. Civ. P. 6(d) ("In general, once the parties have completed filing memoranda and responses . . . the circuit court shall either schedule argument or decide the motion based on the materials submitted."); *Gilhuys v. Hardy Cnty. 911 Ctr.*, No. 23-759, 2025 WL 1779845, at *3 (W. Va. June 27, 2025) (memorandum decision) ("Although we have urged caution in granting summary judgment before the completion of discovery, doing so does not constitute error in every circumstance."). Moreover, outside of their vague assertion, petitioners have failed to establish through the record that they filed an affidavit or declaration for additional discovery prior to the court's ruling on summary judgment. *See* W. Va. R. Civ. P. 56(d).[4] As such, petitioners have not established that they were denied a meaningful opportunity to oppose summary judgment.

At best, petitioners have presented a skeletal argument, which lacks any reasonable specificity or meaningful explanation. This is insufficient to establish error for appellate review. *See State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation modified) ("A skeletal argument, really nothing more than an assertion, does not preserve a claim."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues

---

[4] Prior to the 2025 amendments to the West Virginia Rules of Civil Procedure, this rule was known as Rule 56(f). In its amended form, Rule 56(d) states:

When facts are unavailable to the nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal."); *see also State v. Gibson*, No. 23-556, 2025 WL 3287585, at *2 (W. Va. Nov. 25, 2025) (memorandum decision) (reiterating that self-represented petitioners must comply with Rule 10(c)(7)); *Smith v. Ball*, No. 24-ICA-26, 2024 WL 5003294, at *4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (citation modified) ("Indeed, courts should strive to ensure that the diligent self-represented party does not forfeit any substantial rights by inadvertent omission or mistake. However, ultimately, the self-represented litigant must bear the responsibility and accept the consequences of any mistakes and errors."); *Haske v. Judge*, No. 23-ICA-50, 2024 WL 794601, at *3 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) (affirming circuit court's order and finding self-represented petitioner failed to preserve objections below for appellate review).

Likewise, as our Supreme Court of Appeals ("SCAWV") has held:

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). An appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

In this case, petitioners have failed to affirmatively establish error on this issue, and as a result, we decline to find reversible error based upon the timing of the circuit court's entry of summary judgment.

Next, petitioners assert that the circuit court's summary judgment ruling is fundamentally flawed for various reasons. For instance, they argue that because every deed in Mr. Carleton's chain of title was not put into evidence, the circuit court accepted incomplete and inadmissible deed evidence and misinterpreted the deeds to erroneously conclude that Mr. Carleton held the easement. Petitioners also claim that the court failed to consider relevant evidence of abandonment and non-use, which establishes that "the alleged road has been impassable and unused for decades" and creates a genuine issue of material fact. Lastly, they allege that Mr. Harmison was biased and unqualified to offer a title opinion in this case because he is a personal acquaintance of Mr. Carleton and, thus, his title examination opinion is not admissible as expert testimony under Rule 702 of the West Virginia Rules of Evidence. Collectively, petitioners contend that these errors

8

establish that Mr. Carleton did not meet his burden of proving the existence of an easement, requiring reversal of the circuit court's decision. However, petitioners make these assertions without properly supporting them with further analysis and citation to the record. Therefore, the Court is not persuaded by any of these contentions.

Instead, we note that in its order, the circuit court set forth factual findings, established precedent, and statutory authority applicable to the legal issue presented at summary judgment. After reconciling the matter, the court determined that Mr. Carleton's motion was properly supported by affirmative evidence establishing that there was no genuine issue of material fact. Subsequently, the burden shifted to petitioners to oppose summary judgment through more than a *mere scintilla of evidence*. To meet this burden, the SCAWV has stated:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)[5] of the West Virginia Rules of Civil Procedure.

*Williams*, 194 W. Va. at 56, 459 S.E.2d at 333, syl. pt. 3. The nonmoving party must also present *evidence* that contradicts the showing of the moving party by pointing to specific facts demonstrating that there is a trial-worthy issue which is not only a genuine issue but also an issue that involves a material fact. *Id.* at 60, 459 S.E.2d at 337 (emphasis added). Furthermore, the nonmoving party cannot create a genuine issue of material fact through mere speculation or building of one inference upon another. *Id.* at 61 n.14, 459 S.E.2d at 338 n.14.

Therefore, to resist Mr. Carleton's motion, petitioners were required to either rehabilitate the evidence, produce additional evidence showing a genuine issue of material fact, or file an affidavit for further discovery. However, petitioners failed to do so. Specifically, there is no affidavit in the record from petitioners seeking further discovery, and their response in opposition to summary judgment neither rehabilitates the evidence, nor produces additional evidence to sufficiently establish a genuine issue of material fact. Instead, in opposition to Mr. Carleton's motion, petitioners present skeletal arguments and conclusory statements in support of their overarching contention that the circuit court should have viewed the facts differently and ruled in their favor. As previously established, this is insufficient to defeat a motion for summary judgment, let alone establish cognizable error on appeal. *See Williams*, 194 W. Va. at 61, 459 S.E.2d at 338 (citation modified) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an

---

[5] *See* n.4, supra.

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *Harbaugh v. Coffinbarger*, 209 W. Va. 57, 62, 543 S.E.2d 338, 343 (2000) (citation modified) ("The party opposing the summary judgment motion must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)."); *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 700, 474 S.E.2d 872, 880 (1996) ("Rule 56 does not impose upon the circuit court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. Nor is it our duty to do so on appeal."). As such, we cannot conclude that the circuit court erred in its determination that summary judgment was appropriate.[6][7]

Petitioners' final challenge on appeal centers on the circuit court's entry of the permanent and mandatory injunction enjoining them from interfering with Mr. Carleton's access to the right of way. Our standard of review is as follows:

> Unless an absolute right to injunctive relief is conferred by statute, the power to grant or refuse or to modify, continue, or dissolve a temporary or a permanent injunction, whether preventive or mandatory in character, ordinarily rests in the sound discretion of the trial court, according to the facts and the circumstances of the particular case; and its action in the exercise of

---

[6] On appeal, petitioners also make the conclusory argument that the circuit court erred because it "fail[ed] to consider pending defense motions and evidence." However, petitioners failed to articulate a properly developed argument on this issue for appellate review. Notably, petitioners do not identify the defenses and motions with specificity or cite to their existence within the record and offer no authority to support their position. Therefore, this argument will not be addressed.

[7] Petitioners' brief also includes a request that this Court accept into evidence and consider "supplementary evidence consisting of official state deeds, historical land records, and supporting documentation" proving that Mr. Carleton has never possessed any lawful right of way across the Haberkam Property. Petitioners claim that this is the evidence that they intended to submit prior to the court ruling upon the motion for summary judgment. We decline this invitation. The Court is not a trier of fact, and our review is limited to the proceedings below as it necessarily forms the record on appeal. *See* W. Va. R. App. P. 6. Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, petitioners were required to present evidence below to withstand summary judgment, and because there is no indication from the record that this documentation was not readily available at the summary judgment stage, this evidence should have been included with petitioners' response in opposition to Mr. Carleton's motion. Despite their status as self-represented litigants, petitioners bear the consequences of their mistakes.

its discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of such discretion.

Syl. Pt. 1, *Baisden v. W. Va. Secondary Schs. Activities Comm'n.*, 211 W. Va. 725, 568 S.E.2d 32 (2002) (citation modified).

On this issue, petitioners maintain that it was an abuse of discretion for the circuit court to issue a permanent injunction without the benefit of a hearing or testimony, based upon its finding that petitioners engaged in bad faith. They contend that this violates "Rule 8 of the Rules of Appellate Procedure and West Virginia equitable precedent." However, like petitioners' other arguments in this appeal, outside of this vague assertion, they offer no substantive argument or citation to the record to support their position. Therefore, we decline to disturb the circuit court's discretionary determination that entry of a permanent injunction was appropriate in this case.[8]

Accordingly, we find no error and affirm the circuit court's August 11, 2025, order.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[8] As part of this argument, petitioners also contend that the court erred by reserving the right to award Mr. Carleton his costs and attorney's fees. However, the court did not make any award of such costs and fees to Mr. Carleton, but rather, the court noted that it "may" consider such an award at a later date upon the filing of a proper motion. Thus, until such time as those events occur, and Mr. Carleton receives a judgment for costs and attorney's fees against petitioners, it is not subject to appeal.

11